LESTER G. RAUSCHER *et al.*, Plaintiffs-Appellees, v. LAWRENCE N. ALBERT, Defendant-Appellant and Third-Party Plaintiff (James Long *et al.*, Third-Party Defendants).

Fifth District   No. 5—85—0255

Opinion filed November 26, 1985.

Mary M. Albert, of Brighton, for appellant.

James E. Schrempf, of Alton, for appellees.

JUSTICE WELCH delivered the opinion of the court:

Lawrence N. Albert appeals from a money judgment entered in the circuit court of Madison County in an action for damages based on an alleged breach of a covenant for title contained in a warranty deed. For the reasons set forth below, we dismiss the appeal for lack of jurisdiction.

On November 13, 1981, Lester G. Rauscher and Nancy L. Rauscher brought a two-count complaint against the estate of Flora Maxeiner and Albert. Count I of the complaint was directed against the estate of Maxeiner and sought to quiet title to a certain parcel of real property in favor of the Rauschers and an accounting based on the alleged wrongful possession of that parcel. Count II was directed

against Albert and sought money damages based on a breach of a covenant for title contained in a warranty deed executed by Albert as grantor. The breach relates to the claim by the estate to a portion of the real property described in the warranty deed. The estate filed a motion for summary judgment as to count I contending that it had a superior ownership interest in the parcel by way of adverse possession. Following a hearing on the motion, an order was entered on November 4, 1983, finding the estate to be the legal owner of the parcel of land in question by virtue of adverse possession and granting summary judgment in favor of it. The order further provided for the dismissal of count I with prejudice as well as the dismissal of a counter-complaint filed by the estate. On May 11, 1984, Albert filed a third-party complaint against James Long and Edith Long. The thrust of this third-party action is that the Longs breached a covenant for title contained in a warranty deed conveyed to Albert, because a portion of the property conveyed through this warranty deed included the parcel claimed by the estate of Maxeiner through adverse possession. This property was then conveyed by Albert to the Rauschers through the warranty deed in issue here.

Following a hearing on the Rauschers' motion and supporting affidavit for summary judgment against Albert on count II of their complaint and his written memorandum and counteraffidavits in opposition thereto, a written order was entered on May 14, 1984, granting summary judgment in favor of the Rauschers as to liability only and directing that the matter proceed to trial on the issue of damages. On December 17, 1984, two written orders were entered, the second of which has particular significance to this case. After sustaining the Rauschers' objection to Albert's request for admissions of facts, the first written order directed "that the hearing on the amount of damages to be entered as a judgment pursuant to court order of May 14, 1984, proceed instanter." According to the second written order, the matter came for hearing on the issue of damages only, and neither Albert nor his attorney were present, despite receiving proper notice of the hearing. Pursuant to the order, the court entered judgment in favor of the Rauschers and against Albert in the sum of $6,415.88, including $2,626.50 as and for attorney fees and $193.90 as costs. The order concludes as follows: "This Order is a final judgment and execution may issue instanter." On January 3, 1985, Albert moved to set aside the second December 17, 1984, order and his motion was denied by a written order entered on May 11, 1985. Albert then filed his notice of appeal on April 9, 1985.

During the pendency of the appeal, Albert sought leave of this

court to supplement the record on appeal pursuant to Supreme Court Rule 329 (87 Ill. 2d R. 329) to include a written order entered on July 25, 1985, *nunc pro tunc* as of December 17, 1984. This written order provides as follows:

> "Upon oral motion of Plaintiffs-judgment holders made in open Court and in the presence of the Defendant, LAWRENCE N. ALBERT, by his attorney, and the Court, having examined the Third Party Complaint pending herein, expressly finds that the resolution of said third party action does not require delaying enforcement of Plaintiffs' judgment or the appeal of same and that such was the intent of this Court at the time of the entry of Plaintiffs' judgment. Accordingly, the Court expressly finds there is no just reason for delaying enforcement or appeal of the judgment of December 17, 1984. This order is entered nunc pro tunc as of December 17, 1984."

As set forth in an affidavit in support of the motion, Albert seeks to supplement the record with this order "[s]ince appellees will continue to pursue enforcement, especially if the appeal is dismissed for lack of jurisdiction based upon the original order of December 17, 1984, which lacked the Rule 304(a) express finding of appealability." Pursuant to a written unpublished order entered in this court on August 23, 1985, the motion for leave to supplement the record on appeal was denied and the appeal was dismissed for lack of jurisdiction pursuant to Supreme Court Rule 304(a) (87 Ill. 2d R. 304(a)), due to the pendency of the third-party action against the Longs and the absence of an express written finding of appealability. In dismissing the appeal by way of an unpublished order, this court indicated that a written opinion would follow setting forth in greater detail the jurisdictional defect necessitating the dismissal.

The motion to supplement the common law record in conjunction with the procedural history of this case presents the court with two jurisdictional issues for its consideration: (1) whether the second written order of December 17, 1984, contains a requisite Supreme Court Rule 304(a) finding and (2) if not, whether the record on appeal may be supplemented to include an order entered *nunc pro tunc* containing the express written finding under Supreme Court Rule 304(a).

Supreme Court Rule 304(a) provides as follows:

> "(a) Judgments As To Fewer Than All Parties or Claims—Necessity for Special Finding. If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an

express written finding that there is no just reason for delaying enforcement or appeal. Such a finding may be made at the time of the entry of the judgment or thereafter on the court's own motion or on motion of any party. The time for filing the notice of appeal shall run from the entry of the required finding. In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties." (87 Ill. 2d R. 304(a).)

This rule is applicable to the instant appeal for the reason that the second written December 17, 1984, order pertaining to count II of the complaint did not dispose of all the claims then pending before the trial court. To date, there has been no final adjudication of Albert's third-party complaint against the Longs. Therefore, in order for Albert to invoke this court's jurisdiction to review the money judgment as to count II of the complaint, it was incumbent upon him to seek and obtain from the trial court an express written finding that there is no just reason to delay enforcement or appeal. In the absence of such a proper express written finding, this court would be without jurisdiction to consider the merits of this appeal. *Petersen Brothers Plastics, Inc. v. Ullo* (1978), 57 Ill. App. 3d 625, 373 N.E.2d 416; *Ariola v. Nigro* (1958), 13 Ill. 2d 200, 148 N.E.2d 787.

The issue before this court, and which our research indicates is one of first impression, is whether a written finding which speaks in terms of enforcement but is silent with respect to appealability satisfies the procedural requirements of Supreme Court Rule 304(a). This rule was adopted to supplant former paragraph 2 of section 50 of the Civil Practice Act, which provided for appeals from judgment or orders disposing of less than the entire litigation. In transforming this statutory provision into a supreme court rule, the statutory language was revised slightly to emphasize the fact that the trial court's finding does not render a judgment final; rather, it renders a final judgment appealable. (Ill. Ann. Stat., ch. 110A, par. 304(a), Committee Comments, at 157 (Smith-Hurd 1985).) An equally important purpose of this rule is to render a final judgment enforceable. (*E. M. S. Co. v. Brandt* (1968), 103 Ill. App. 2d 445, 448, 243 N.E.2d 695, 696.) Although the express written finding that there is no just reason for delaying enforcement or appeal is stated in the disjunctive, we believe that the function and purpose of this finding dictates that it must address both prongs before this court may acquire jurisdiction over a fi-

nal judgment disposing of fewer than all parties or claims. Here, the express written finding is jurisdictionally deficient because it makes no mention of appealability.

■■ Parenthetically, we note that the final judgment entered against Albert is not subject to enforcement notwithstanding the express written finding to that effect. To permit the enforcement of a final judgment absent a complete and proper express written finding under Supreme Court Rule 304(a) deprives a defendant of due process of law under our constitution. Article VI, section 6, of the Illinois Constitution of 1970 specifies that appeals from final judgments of the circuit court to the appellate court are by right. Thus, a defendant may attempt to avoid liability of a final judgment by exercising this right of appeal. The same may not be said, however, of a defendant within the context of Supreme Court Rule 304(a) where there has been an express written finding as to enforcement but not appealability. Such a defendant, as in the case at bar, will be subjected to liability while being denied the right to appeal from the underlying final judgment. Thus, to be enforceable under Supreme Court Rule 304(a), a judgment must be appealable as well.

We reject the notion that a finding with respect to enforcement only by implication necessarily includes appealability. Reviewing courts long ago have declined to accept jurisdiction absent an express finding to that effect and have further declined to infer such a finding from the nature and character of the judgment upon which review is sought. (*Monticello College v. Scott* (1973), 13 Ill. App. 3d 133, 299 N.E.2d 778; *American Savings & Accounting Supply, Inc. v. Steinhauer* (1963), 41 Ill. App. 2d 37, 190 N.E.2d 167.) Indeed, Albert's recognition of the shortcomings of the express written finding contained in the record on appeal prompted his motion to supplement the common law record with the written order of July 25, 1985, which purported to supply the proper finding *nunc pro tunc*.

■ ■ Having concluded that the express written finding contained in the second written order of December 17, 1984, does not satisfy the formal requirements of Supreme Court Rule 304(a), we must decide whether the jurisdictional defect may be cured by way of Albert's motion to supplement the record on appeal with the July 25, 1985, order entered *nunc pro tunc* as of December 17, 1984. A *nunc pro tunc* order is a device whereby a trial court may enter of record something which was done previously but through clerical error or misprision was not made part of the record. A *nunc pro tunc* order must be based upon some note or memorandum of record or upon something of record before the trial court and may not be based ex-

clusively upon the reliance of the trial judge's memory. (*Kooyenga v. Hertz Equipment Rentals, Inc.* (1979), 79 Ill. App. 3d 1051, 399 N.E.2d 216.) Resort to such an order may not be for the purpose of supplying omitted judicial action, correcting judicial errors under the pretense of correcting clerical errors or curing a jurisdictional defect. (*Spears v. Spears* (1977), 52 Ill. App. 3d 695, 367 N.E.2d 1004.) In applying these principles to the instant case, the July 25, 1985, order, which contains the express written Supreme Court Rule 304(a) finding, does not indicate that the trial court is attempting to correct a clerical error with respect to the absence of record of a prior finding. The order merely recites that it was the court's intent to make such a finding at the time of the entry of the second written order of December 17, 1984. Albert, by way of his motion to supplement the record on appeal is attempting to supply omitted judicial action rather than to correct a clerical error. Consequently, this order constitutes an improper *nunc pro tunc* entry and is insufficient to cure the jurisdictional defect associated with this appeal. Therefore, the motion to supplement the record on appeal must be denied.

For the reasons stated above, we dismiss this appeal for lack of jurisdiction pursuant to Supreme Court Rule 304(a).

Appeal dismissed.

JONES, P.J., and HARRISON, J., concurring.