FIRST NATIONAL BANK OF DEERFIELD, Plaintiff-Appellant, v. CORT I. LEWIS, Defendant-Appellee.

First District (5th Division)   No. 86—1253

Opinion filed October 30, 1987.

Mathewson, Hamblet & Casey and Jenner & Block, both of Chicago (Michael J. Hamblet, Bruce T. Hopple, Laura H. Morrill, Arthur M. Martin, Donald R. Cassling, and Jay S. Geller, of counsel), for appellant.

Hal Kessler, of Kessler & Ex, and John Thomas Moran, both of Chicago, for appellee.

JUSTICE MURRAY delivered the opinion of the court:

Plaintiff, First National Bank of Deerfield (bank), appeals from an order of the trial court granting in part a motion for summary judgment made by defendant, Cort I. Lewis. This appeal involves the important issue of whether a bank can offset individual funds of a partner against a partnership debt.

However, we must first address the threshold question of whether the order appealed from is a final and appealable order. The trial court's order states that "[t]here is no just reason to delay enforcement of this order with respect to the ruling that the funds held by the Bank be released" and a supersedeas bond for the bank's appeal was set at $500,000 to be posted in seven days. The order contained no "final and appealable" language.

The rule of the Illinois Supreme Court relating to appeals from final judgments that do not dispose of an entire proceeding requires an expressed written finding that there is no just reason for delaying enforcement or appeal. (87 Ill. 2d R. 304(a).) Absent such a finding, "any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties." (*Ferguson v. Riverside Medical Center* (1985), 111 Ill. 2d 436, 442, 490 N.E.2d 1252, 1254, citing 87 Ill. 2d R. 304(a).) The purpose of this seemingly harsh rule is to discourage piecemeal litigation (*Mares v. Metzler* (1980), 87 Ill. App. 3d 881, 409 N.E.2d 447), which purpose has particular application to the case at bar.

Plaintiff bank seized accounts of their depositor, defendant Lewis, and advised him that the accounts were to be used as a setoff against the debts of a partnership consisting of defendant and his fa-

ther, Gerson E. Lewis. Bank then sought a declaratory judgment to validate the setoff and defendant filed a summary judgment motion. The trial court granted that portion of the summary judgment for defendant that involved the issue of the bank's offsetting monies it held in defendant's name to satisfy the alleged debt of the partnership of father and son. It denied that portion of defendant's motion that asserted other offsets, and also denied his request for attorney fees or other relief. Finally, the court ordered discovery to continue as to other issues, set a status date, and granted defendant leave to file a second amended counterclaim *instanter*. Although the court expressly found no just reason to delay enforcement of the order, there was no mention of its appealability.

Since the order did not contain the necessary language required by Rule 304(a), the order is neither final nor appealable, and is subject to revision at any time before the entry of a judgment adjudicating all of the claims, rights, liabilities of all the parties. Furthermore, bank failed to amend the order to include the required finding, as it had a right to do in order to correct the defect. See *Kamysz v. Village of Wheeling* (1978), 65 Ill. App. 3d 629, 382 N.E.2d 349.

Since the order appealed from is not final, the court must dismiss the appeal. The court does so with the proviso that if, on application of the parties, the trial court enters a decree with the requisite finding, and if an appeal should be taken from that judgment, it would consider a motion to take the case on the existing record and briefs as supplemented. *Ariola v. Nigro* (1958), 13 Ill. 2d 200, 148 N.E.2d 787.

Appeal dismissed and the cause remanded.

SULLIVAN, P.J., and LORENZ, J., concur.