DONALD LURZ, Plaintiff-Appellee and Cross-Appellant, v. LAWRENCE PANEK et al., Defendants-Appellants and Cross-Appellees (American National Bank and Trust Company of Chicago et al., Defendants and Cross-Appellees).

Second District   No. 2—86—0429

Opinion filed February 11, 1988.

Mirabella & Kincaid, of Wheaton (John B. Kincaid, of counsel), for appellant Lawrence R. Panek.

James I. Marcus, of Williams & Marcus, Ltd., of Chicago (Michael Fries, of counsel), for appellant American National Bank & Trust Company of Chicago.

Jerold S. Solovy and Patrick J. Phillips, both of Jenner & Block, of Chicago (Darryl L. DePriest, of counsel), for appellant CMC Real Estate Corporation.

Lehrer, Flaherty & Canavan, of Wheaton (Norman H. Lehrer, of counsel), for appellee.

JUSTICE DUNN delivered the opinion of the court:

Defendant, attorney Lawrence Panek, appeals from several orders entered in favor of plaintiff, Donald Lurz. Lurz cross-appeals from an order entering summary judgment in favor of Panek on a count based on the Illinois Consumer Fraud and Deceptive Business Practices Act (Consumer Fraud Act) (Ill. Rev. Stat. 1985, ch. 121½, par. 261 *et seq.*), from an order vacating a portion of the damage award, and from the section of the final order which granted setoff rights to Panek, the American National Bank and Trust Company of Chicago (American), and the Chicago, Milwaukee, St. Paul and Pacific Railroad Company (Railroad). In his notice of appeal and brief, Panek contends this court is without jurisdiction to consider his appeal. We agree and therefore dismiss the appeal and the cross-appeal.

Plaintiff's original complaint charged Panek and attorney Joseph Lascaro with fraud, breach of fiduciary duty, and conversion. Amended complaints added a count against Panek and Lascaro under the Consumer Fraud Act and counts against American, the Continental Bank, and the Railroad for conversion. The claims stemmed from misconduct surrounding the disbursement of a judgment draft obtained in favor of Lurz in an underlying personal injury suit against the Railroad.

During the course of the proceedings, plaintiff's difficulties in serving Lascaro resulted in a series of voluntary dismissals and reinstatements of Lascaro. Meanwhile, the court granted plaintiff summary judgment on the fraud, breach of fiduciary duty, and conversion claims, awarded damages on the conversion claim, and granted defendant summary judgment on the consumer fraud claim. In addition, a jury trial on the remaining damage claims was completed, and many of the claims and counterclaims involving the banks and the Railroad were resolved. Plaintiff then moved for an order severing Lascaro and a finding that the cause against Panek was final and appealable. A hearing on the motion was held, although a transcript of the report of proceedings was not included in the record on appeal. The order entered following the hearing stated that "Lascaro is severed from this cause." The final order makes no mention of enforcement or appealability. An accompanying opinion letter included the following statement: "It is my understanding that the severance of Mr. Lascaro allows this to be a final and appealable Order so that these issues maybe [*sic*] brought before the Appellate Court if that is your desire."

■ In determining whether we have jurisdiction to entertain appeals from judgments that do not dispose of the entire proceedings, the starting point is Supreme Court Rule 304(a), which provides in pertinent part:

> "If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal. * * * In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties." (107 Ill. 2d R. 304(a).)

The purpose of Rule 304(a) is "to prevent piecemeal appeals and the uncertainty which exists when a final judgment is entered on less than all the matters in controversy." *Hamer v. Lentz* (1987), 155 Ill. App. 3d 692, 695.

In the present case, compliance with Rule 304(a) turns on whether the aforementioned statement in the court's letter of opinion represents "a written finding that there is no just reason for delaying enforcement or appeal." (107 Ill. 2d R. 304(a).) Recent case law confirms

our conclusion that it does not. In *Hamer*, the court determined the trial court's statement that the order was "final and appealable" did not satisfy the finding required because "final" did not equate with "enforceable" under Rule 304(a). (*Hamer*, 155 Ill. App. 3d at 695; see also *Rauscher v. Albert* (1985), 138 Ill. App. 3d 799 (court dismissed appeal because the written finding spoke in terms of enforcement but made no mention of appealability).) We agree with the reasoning in *Hamer* and therefore conclude that the absence of the enforcement language in the court's statement contravenes the requirements of Rule 304(a).

While the absence of the necessary Rule 304(a) findings generally requires dismissal of the appeal, an exception exists in cases, such as this one, where parties or claims have been severed by the trial court. The applicable standard was recently clarified by our supreme court in *Carter v. Chicago & Illinois Midland Ry. Co.* (1988), 119 Ill. 2d 296, wherein the court stated:

> "[R]egardless of the section of the Code [of Civil Procedure] relied upon by the court to bring about a separate trial of a claim or a counterclaim, the finding required by Rule 304(a) that 'there is no just reason for delay in enforcement or appeal' is necessary to make a judgment as to the separately tried issue appealable, unless the trial court, in its severance order, clearly and unequivocally states that the claim, counterclaim or the party has been *severed* (in the narrow sense of that word) and that the severed claim, counterclaim or party shall proceed thereafter separate from the other claims, counterclaims or parties to the case." (Emphasis in original.) (*Carter*, 119 Ill. 2d at 307-08.)

The court explained that "severed," in the narrow sense of the word, means separate actions as opposed to separate trials. *Carter*, 119 Ill. 2d at 308.

■ The certainty required in *Carter* does not exist here. Plaintiff moved to sever Lascaro pursuant to section 2—614(b) of the Code of Civil Procedure, which allows a court to order separate trials of any cause of action if it cannot be conveniently disposed of with other issues in the case. (Ill. Rev. Stat. 1985, ch. 110, par. 2—614(b).) Section 2—614(b) does not relate to severance of a cause into separate and distinct actions. (*Carter*, 119 Ill. 2d at 307.) The order granting the severance does not specify whether separate trials or separate actions were contemplated by the trial court. While not dispositive, in view of the requirement that the severance order clearly and unequivocally state that a separate action is ordered, the absence of the report of

proceedings for the hearing on the motion to sever contributes to the ambiguity of the court's order.

We recognize that the motion to sever was brought after the proceedings against Panek had concluded, which suggests that the purpose of the severance motion was to separate the actions for enforcement and appeal. However, the supreme court indicated in *Carter* that such inferences do not overcome the requirements of Rule 304(a): "It appears that a true severance of actions should be accomplished under section 2—1006 [of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1006)], but even when the order refers to this section and uses the words 'sever' or 'severance,' the order should provide the certainty we have just discussed to avoid the requirements of Rule 304(a)." (*Carter*, 119 Ill. 2d at 308.) In view of this admonition, we decline to relax the stringent requirements set forth in *Carter*.

Finally, since a question of jurisdiction is involved, the *Carter* decision has retroactive application. *Carter v. Chicago & Illinois Midland Ry. Co.* (1986), 144 Ill. App. 3d 437, 441, *rev'd on other grounds* (1988), 119 Ill. 2d 296.

Since the order appealed from is not final, the court must dismiss the appeal. The court does so with the proviso that if, on application of one of the parties, the trial court enters an order with the requisite finding, and if an appeal should be taken from that judgment, this court would consider a motion to take the case on the existing record as supplemented and the briefs on file. *Ariola v. Nigro* (1958), 13 Ill. 2d 200.

Appeals dismissed, and the cause remanded.

REINHARD and UNVERZAGT, JJ., concur.