LAWYERS TITLE INSURANCE CORPORATION, Plaintiff-Appellee, v. GARY A. KNELLER *et al.*, Defendants-Appellants (United States Title and Abstract Company *et al.*, Plaintiffs).

Third District   No. 3—87—0402

Opinion filed June 24, 1988.—Rehearing denied August 2, 1988.

BARRY, J., dissenting.

Potter & Comba, of Princeton (Fred W. Potter, of counsel), for appellants.

Douglas L. Ziech, of Joliet, for appellee Lawyers Title Insurance Corporation.

JUSTICE WOMBACHER delivered the opinion of the court:

Defendants, Gary and Barbara Kneller, were purchasers of certain business property located in Grundy County, Illinois. Plaintiffs Lawyers Title Insurance Corp. and United States Title & Abstract Co., were the issuer and issuing agent of a title insurance policy issued in connection with the transfer of the real estate from Verna and James Sak and Carol O'Neill to the Knellers. Plaintiffs Robert Tyer II and John Hanson were the attorneys who represented the sellers and buyers, respectively. Both the title policy and the war-

ranty deed which were issued in connection with the conveyance appear in the record before us. Neither document contains an exception for a 35-foot easement which had been granted to and recorded by the property's former lessee, Shell Oil Company, for ingress to and egress from adjoining property.

On October 7, 1986, the plaintiffs filed a complaint acknowledging the liability of Lawyers Title under the policy of title insurance and praying for a determination of damages owed to the defendants. The defendants answered the complaint and prayed for damages up to $1 million from each of the plaintiffs named in the complaint.

On November 24 the defendants moved for the entry of summary judgment against each of the plaintiffs. On December 18, Lawyers Title moved for a substitution of attorneys. That motion was granted. Discovery ensued until March 19, 1987, when Lawyers Title moved to voluntarily dismiss its cause of action pursuant to section 2—1009 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1009). Counsel set the motion to be heard at 1:30 p.m. on March 23.

On March 24, 1987, defendants filed with the court their notice for hearing the summary judgment motion filed four months prior. The notice states that the latter motion was set to be heard at 1:45 p.m. on March 23, 1987. On that date, the court heard Lawyers Title's motion to voluntarily dismiss and took the matter under advisement. The parties briefed the issue, and on April 28 the court granted plaintiff's motion to dismiss. No action was taken on the summary judgment motion.

Defendants then moved for an order to vacate the April 28 dismissal order, to reconsider and deny Lawyers Title's motion for a voluntary nonsuit and to find Lawyers Title guilty of contempt. On June 4, that motion was denied. On motion of Lawyers Title on the same date, the court granted leave to file an amended complaint. An amended complaint was filed accordingly on June 15. Defendants subsequently moved to make the June 4 order appealable pursuant to Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)). On June 29, the court allowed the motion and entered the order as presented by defendants' attorney. Defendants pursued their appeal to this court.

■■ ■ Initially, we note that the trial court's order of June 29, stating that "pursuant to Supreme Court Rule, being section 304(a) of chapter 110A, Illinois Revised Statutes, there is no just cause for delaying an appeal from the order entered herein on June 4, 1987," is an order which confers appellate court jurisdiction. Rule 304 specifically calls for a finding that there is no just reason for delaying

"enforcement or appeal." However, we find that the trial judge's citation to the rule itself, specifically identifying it in his order, constructively fulfills the technical language requirement and confers the intended jurisdiction to review the order of June 4. There is no case authority to dictate otherwise. It has been often noted that the rules governing civil procedure are to be liberally construed so long as the substantive rights of all parties are protected. (*Turner v. Smiley* (1972), 8 Ill. App. 3d 388, 291 N.E.2d 27.) All rules of practice, whether in trial or reviewing courts, are adopted to promote the orderly and effective operation of the judicial process. *Vasco Trucking, Inc. v. Parkhill Truck Co.* (1972), 6 Ill. App. 3d 572, 286 N.E.2d 383.

Turning to the merits of the case, the central issue before this court is whether the plaintiff had an absolute right to dismiss its action for a declaratory judgment notwithstanding defendants' pending motion for summary judgment.

■ In the defendants' brief on appeal, they allege that their answer to the plaintiffs' complaint, joining with the plaintiffs in a request for a determination of the controversy presented by the complaint, is to be construed as a counterclaim. When a counterclaim has been pleaded by a defendant, no dismissal may be had as to the defendant except by defendant's consent. (Ill. Rev. Stat. 1985, ch. 110, par. 2—1009.) We wholly reject this position as it finds no support in the record. The defendants filed an "answer" requesting the same declaratory relief as the plaintiffs' complaint prayed for. No counterclaim was pled or arose, and the propriety of the dismissal does not involve consideration of the defendants' consent.

■ Further, the law is clear that the trial court acted properly in passing upon the plaintiff's motion to dismiss even though the defendants had made a prior motion for summary judgment which remained pending.

In *Kahle v. John Deere Co.* (1984), 104 Ill. 2d 302, 472 N.E.2d 787, the supreme court held that a plaintiff's absolute right to a voluntary dismissal had been limited by the legislature, pursuant to section 2—1009, to prevent an automatic voluntary dismissal without prejudice after a trial or hearing commenced. The court noted that any further limits on a plaintiff's common law right to an automatic dismissal without prejudice should be enacted by the legislature, not declared by the court.

Subsequently, in *O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, 492 N.E. 2d 1322, the court determined that a conflict existed between Supreme Court Rule 103(b) (107 Ill. 2d R. 103(b)) and sections 2—1009 and 13—217 of the Code of Civil Procedure (Ill.

Rev. Stat. 1985, ch. 110, pars. 2—1009, 13—217). The court reasoned that the rule prevailed over the statute and went on to hold that a defendant's previously filed Rule 103(b) motion to dismiss for lack of due diligence in obtaining service of process must be heard on its merits prior to ruling on plaintiff's motion for voluntary dismissal.

Subsequent cases have limited the holding of *O'Connell* to situations involving Rule 103(b) motions and have refused to give other supreme court rules or legislative enactments consideration before granting a plaintiff's section 2—1009 motion for voluntary dismissal. See *Schmitt v. Motorola, Inc.* (1987), 160 Ill. App. 3d 1059, 513 N.E.2d 1069, *appeal allowed* (1987), 117 Ill. 2d 553; *Gibellina v. Handley* (1987), 158 Ill. App. 3d 866, 511 N.E.2d 884, *appeal allowed* (1987), 117 Ill. 2d 543; *Highland v. Stevenson* (1987), 153 Ill. App. 3d 390, 505 N.E.2d 776, *appeal denied* (1987), 116 Ill. 2d 555; *Rohr v. Knaus* (1987), 153 Ill. App. 3d 1013, 506 N.E.2d 634, *appeal denied* (1987), 116 Ill. 2d 575; *Russ v. Gandhy* (1986), 149 Ill. App. 3d 660, 500 N.E.2d 1032, *appeal denied* (1987), 113 Ill. 2d 584 (each case addressing the propriety of granting plaintiff's section 2—1009 motion to dismiss while a motion for summary judgment pended). See also *Lafin v. Allstate Insurance Co.* (1988), 168 Ill. App. 3d 1075; *Mancuso v. Beach* (1986), 149 Ill. App. 3d 188, 500 N.E.2d 589 (each case addressing the propriety of granting plaintiff's section 2—1009 motion to dismiss while a defense motion to dismiss pended).

Regarding the case at bar, there exists no authority that would allow the trial court to consider the summary judgment motion prior to making a ruling on the plaintiff's motion to dismiss. The reviewing courts of this State have expressly noted that the plaintiff's right to dismiss a case and refile it at a later time is subject to abuse. In some cases, the procedure has been employed to avoid the effect of clearly meritorious defenses that would terminate the litigation. However, it is the duty of the General Assembly, not that of the courts, to consider limiting a plaintiff's right to take a voluntary dismissal under section 2—1009 in order to prevent potential unfairness and abuse. We emphasize, under section 2—1009, the statute does not recognize the court's discretion, but rather the plaintiff's right to voluntarily dismiss. *Davis v. International Harvester Co.* (1985), 139 Ill. App. 3d 264, 487 N.E.2d 385.

■ Lastly, this court finds no merit in the defendant's contention that the plaintiff should be held in contempt of court for delaying the expeditious determination of its liability by filing a motion to dismiss. The plaintiff was exercising its statutory right under the procedural rules of the court.

For all of the foregoing reasons the judgment of the circuit court of Grundy County is affirmed.

Affirmed.

HEIPLE, J., concurs.

JUSTICE BARRY, dissenting:

I take exception only with my colleagues' treatment of the question of this court's jurisdiction. As the majority correctly indicates, the trial court's Rule 304(a) order is deficient in that it fails to recite a finding that there is no just reason to delay *enforcement*. The majority concedes that there exists no precedent for reaching the merits of an appeal brought pursuant to defective Rule 304(a) findings.

In my opinion, the rule itself provides sufficient ground for dismissing this appeal and bears repeating in pertinent part:

> "If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal. *** In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties." (107 Ill. 2d R. 304(a).)

The purpose of the rule "is 'to prevent piecemeal appeals and the uncertainty which exists when a final judgment is entered on less than all the matters in controversy.' " (*Lurz v. Panek* (1988), 166 Ill. App. 3d 179, 181, 519 N.E.2d 1110, quoting *Hamer v. Lentz* (1987), 155 Ill. App. 3d 692, 695, 508 N.E.2d 324; see also *First National Bank v. Lewis* (1987), 163 Ill. App. 3d 160, 516 N.E.2d 552; *Mares v. Metzler* (1980), 87 Ill. App. 3d 881, 409 N.E.2d 447, 450, quoting *Petersen Brothers Plastics, Inc. v. Ullo* (1978), 57 Ill. App. 3d 625, 630, 373 N.E.2d 416, 420; *Blanchette v. Martell* (1977), 52 Ill. App. 3d 1029, 368 N.E.2d 458.) In the absence of just reason, all parties and the judiciary are better served by a prompt disposition of the entire suit without awaiting the outcome of a premature appeal.

Contrary to the majority's assertion, there is ample precedent to hold the anxious litigant to the strict letter of the rule. (See, *e.g.*, *Lurz v. Panek*, 166 Ill. App. 3d 179, 519 N.E.2d 1110; *Hamer v.*

*Lentz,* 155 Ill. App. 3d 692, 508 N.E.2d 324; *First National Bank v. Lewis,* 163 Ill. App. 3d 160, 516 N.E.2d 552.) In *First National Bank,* plaintiff's appeal was dismissed for incomplete Rule 304(a) language: "Although the [trial] court expressly found no just reason to delay enforcement of the order, there was not mention of its appealability." 163 Ill. App. 3d at 162, 516 N.E.2d at 553.

In *Lurz v. Panek,* defendant's appeal was dismissed as well. The court on review concluded that, although the trial court's statement expressed the understanding that the order appealed from was "a final and appealable" decree, "the absence of the enforcement language in the court's statement contravenes the requirements of Rule 304(a)." 166 Ill. App. 3d at 182.

Finally, in a setting similar to *Lurz,* the court in *Hamer v. Lentz* dismissed plaintiff's appeal, stating:

"Plaintiff argues that this ['final and appealable'] language 'comes close' to the Rule 304(a) finding, apparently equating the word 'final,' and the trial court's 'intention' to make the order 'final' to expedite his FOIA action, with the word 'enforceable.' We do not agree with plaintiff's construction of this language. As we stated in *E.M.S. Co. v. Brandt* (1968), 103 Ill. App. 2d 445, 448, 243 N.E.2d 695, the absence of a Rule 304 finding in a judgment—for whatever reason—leaves the judgment final but unenforceable and unappealable. Additionally, as we observed in *Rauscher v. Albert* (1985), 138 Ill. App. 3d 799, 803, 485 N.E.2d 1362, a Rule 304(a) finding is a two-pronged determination, requiring an express written finding of both enforceability and appealability, and it is not the trial court's finding that renders a judgment final; rather, the trial court renders a final judgment enforceable and a final judgment appealable. *** [S]ince the order appealed from in the instant case lacks the express enforcement language required by Rule 304(a), plaintiff's appeal must be dismissed." 155 Ill. App. 3d at 695, 508 N.E.2d at 326.

In ignoring sound precedent and glossing over the language and purpose of Rule 304(a), the majority purports to find significance in the June 29 order's recitation of the correct supreme court rule number. Taking the majority's new construction to its logical conclusion, it would now appear that appellate jurisdiction may be conferred simply by reciting that "pursuant to Supreme Court Rule 304(a), an appeal may be taken from the order of *(date)*." I do not believe that it is within the authority of this court to so defeat our supreme court's rules of appellate jurisdiction.

The language of Rule 304(a) is mandatory and precise, not directory or generic—its purpose, salutary, not cavalier. The rule is not unduly burdensome. Accordingly, the rule should be, and until today has been, applied strictly. The trial court's June 29, 1987, order lacks the requisite finding of enforceability and cannot, in my opinion, confer appellate jurisdiction. The trial court's June 9 order denying defendants' numerous post-dismissal motions remained subject to revision at any time before the entry of final judgment in the suit. (The record on appeal fails to support the majority's allusion to an order of June 4. In fact, the erroneous June 4 date was injected by defendants when they presented the order that was signed by the court on June 29.) Lacking appellate jurisdiction, it is our duty to dismiss the appeal. *Ferguson v. Riverside Medical Center* (1985), 111 Ill. 2d 436, 440, 490 N.E.2d 1252, 1253.

Lastly, given the posture of this case, I can perceive of no reason to anticipate that defendants would have prevailed in an attempt to obtain a corrected Rule 304(a) order. Prior to defendants' presentment of the defective order, Lawyers Title had indicated its willingness to proceed promptly on an amended complaint. The amended complaint still pends in the circuit court, and defendants have presented no compelling policy arguments for pursuing a review of the earlier dismissed cause of action.

I dissent from the majority decision for the reason that this appeal should have been dismissed posthaste without reaching its merits.