JOHN HOPKINS *et al.*, Plaintiffs-Appellants, v. ILLINOIS MASONIC MEDICAL CENTER, Defendant-Appellee (Sid John Shafer *et al.*, Defendants).

First District (4th Division)   No. 1—89—3213

Opinion filed March 21, 1991.

JIGANTI, P.J., dissenting.

Michael W. Rathsack, of Chicago (Philip F. Maher, of counsel), for appellants.

Connelly, Mustes & Schroeder, of Chicago (John J. Mustes and John R. Ostojic, of counsel), for appellee.

JUSTICE LINN delivered the opinion of the court:

Plaintiffs, John and Eunice Hopkins, brought a medical malpractice action in the circuit court of Cook County against defendants, Illinois Masonic Medical Center (Illinois Masonic); Sid Shafer, M.D.; William Meltzer, M.D.; Michael Lewis, M.D.; and Ira Kornblatt, M.D. The trial court dismissed Illinois Masonic from the action.

Approximately three years later, plaintiffs petitioned the trial court to vacate the dismissal of Illinois Masonic and thereby reinstate it in the lawsuit, which is still pending in the trial court. The trial court denied the petition, and plaintiffs assign error to the denial.

We reverse the order of the trial court and remand.

BACKGROUND

The record contains the following pertinent facts. Plaintiffs filed their first amended complaint on February 14, 1986. They named as defendants Drs. Shafer, Meltzer, Lewis, and Kornblatt; L.L. Braun, M.D.; Illinois Masonic; Johnson and Johnson, Inc.; and Chas. F. Thackray USA, Inc.

In the multicount complaint, John brought medical malpractice actions against the individual physicians and Illinois Masonic. He alleged that those defendants negligently treated a broken artificial hip; further, their negligence proximately resulted in additional surgery and permanent injury. John also brought product liability actions against defendants Thackray USA and Johnson and Johnson. Eunice Hopkins sought damages from all defendants for loss of consortium.

On June 16, 1986, Illinois Masonic filed a motion to dismiss the complaint. Plaintiffs' counsel was absent from the hearing on the motion. However, counsel for plaintiffs and Illinois Masonic agreed to a briefing schedule on the motion, which culminated in a final hearing on August 19, 1986. On that date, plaintiffs' counsel again failed to appear. At the close of the hearing, the trial court granted the motion and dismissed Illinois Masonic from the lawsuit. Counsel for Illinois Masonic drafted the dismissal order, which stated in pertinent part:

"IT IS HEREBY ORDERED:

1. Defendant, ILLINOIS MASONIC MEDICAL CENTER'S Motion to Dismiss is hereby granted.

2. This order of dismissal is Final and Appealable as to Illinois Masonic Medical Center only."

On January 18, 1989, plaintiffs petitioned the trial court to vacate the dismissal of Illinois Masonic pursuant to section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—1401).

At the close of a hearing on October 24, 1989, the trial court denied the motion. Plaintiffs appeal.

OPINION

Plaintiffs initially claim that the August 19, 1986, order, which dismissed Illinois Masonic from the lawsuit, was not enforceable and appealable. They contend the order thus was, and remains, subject to revision at any time. Plaintiffs argue that, consequently, a section 2—1401 petition for relief from judgment was not the appropriate standard to apply to the August 19, 1986, dismissal order.

■■ We agree. The dismissal order, which Illinois Masonic drafted, did not include the language that Illinois Supreme Court Rule 304(a) requires. (107 Ill. 2d R. 304(a).) The rule provides that in a case having multiple parties or multiple claims for relief, no appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims, *unless the trial court makes an express written finding that there is no just reason for delaying enforcement or appeal.* "In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties." (Emphasis added.) 107 Ill. 2d R. 304(a).

■■ This court has held that the requirements of Rule 304(a) are mandatory. (*Hamer v. Lentz* (1987), 155 Ill. App. 3d 692, 694-95, 508 N.E.2d 324, 325-26.) In *Hamer*, the trial court stated that its order was "a final and appealable order." (155 Ill. App. 3d at 694, 508 N.E.2d at 325.) We held that Rule 304(a) requires "an express written finding of both enforceability and appealability," and that it is the two-pronged finding that renders a final judgment enforceable and a final judgment appealable. (155 Ill. App. 3d at 695, 508 N.E.2d at 326, citing *Rauscher v. Albert* (1985), 138 Ill. App. 3d 799, 803, 485 N.E.2d 1362, 1365.) We reasoned that the word "final" did not even address the concept of enforceability. We further reasoned that we would defeat the purpose of the rule, to prevent piecemeal appeals, if we held that the mere inclusion of the word "final" in an order rendered the order final. We concluded, therefore, that the order appealed from was unenforceable and unappealable. *Hamer*, 155 Ill. App. 3d at 695, 508 N.E.2d at 326.

The dismissal order in the case at bar is indistinguishable from the order in *Hamer*. During oral argument, Illinois Masonic conceded that *Hamer* would control the outcome of this case if we applied it.

However, Illinois Masonic urged us not to follow *Hamer*. Illinois Masonic argued that the Appellate Court for the Third District expressed the better view in *Lawyers Title Insurance Corp. v. Kneller* (1988), 172 Ill. App. 3d 210, 525 N.E.2d 1155. The court in that case held that an order could "constructively" fulfill "the technical language requirement" of Rule 304(a). 172 Ill. App. 3d at 213, 525 N.E.2d at 1157.

We adhere to *Hamer*, which expresses the purpose and policy behind Rule 304(a). We note that the Appellate Court for the Second District has also approved of and followed the *Hamer* approach. (*Lurz v. Panek* (1988), 166 Ill. App. 3d 179, 519 N.E.2d 1110.) Additionally, we agree with Justice Tobias Barry, who dissented in *Lawyers Title Insurance Corp.* He observed as follows:

> "The language of Rule 304(a) is mandatory and precise, not directory or generic—its purpose, salutary, not cavalier. The rule is not unduly burdensome. Accordingly, the rule should be, and until today has been, applied strictly." *Lawyers Title Insurance Corp.*, 172 Ill. App. 3d at 217, 525 N.E.2d at 1159 (Barry, J., dissenting).

■ Based on *Hamer*, we hold that the August 19, 1986, order, which dismissed Illinois Masonic from the lawsuit, was not enforceable or appealable. Since this lawsuit is still pending in the trial court, the order was and remains subject to revision at any time. (See *First National Bank v. Lewis* (1987), 163 Ill. App. 3d 160, 516 N.E.2d 552.) Consequently, we reverse the order of the trial court that denied plaintiffs' section 2–1401 petition for relief from judgment. We remand the cause with directions that the trial court consider plaintiffs' motion to vacate the dismissal order in light of the nonenforceable and nonappealable nature of the order.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

JOHNSON, J., concurs.

PRESIDING JUSTICE JIGANTI, dissenting:

Under scrutiny is the legally necessary language making a final order appealable under Supreme Court Rule 304(a). (107 Ill. 2d R. 304(a).) The wording of the rule itself is indirect and understated. It states an order is appealable if the court finds there is "no just reason

for delaying enforcement or appeal." In contrast, the wording of the trial court's order in the instant case is clear, assertive and direct. It grants the motion to dismiss and states that the order "is final and appealable." The finding of appealability is patent. Neither the majority opinion nor the opinion in *Hamer v. Lentz* (1987), 155 Ill. App. 3d 692, 508 N.E.2d 324, provides a rationale for mandating that to be appealable a final order must precisely track the wording of Rule 304(a). I would affirm the trial court.