JOSEPH PETTIE, Plaintiff, v. WILLIAMS BROTHERS CONSTRUC-
TION, INC., Defendant and Third-Party Plaintiff-Appellant (Otto Baum &
Sons, Inc., Third-Party Defendant-Appellee).

Second District   No. 2—90—1275

Opinion filed July 17, 1991.

REINHARD, P.J., dissenting.

Karen L. Kendall and Gary M. Peplow, both of Heyl, Royster, Voelker &
Allen, of Peoria, and Richard K. Hunsaker and Douglas J. Pomatto, both of
Heyl, Royster, Voelker & Allen, of Rockford, for appellant.

Scott C. Sullivan and Stephen E. Balogh, both of Williams & McCarthy, P.C., of Rockford, and R. Wayne Harvey, of Harvey & Stuckel, Chartered, of Peoria, for appellee.

JUSTICE INGLIS delivered the opinion of the court:

Defendant, Williams Brothers Construction, Inc., appeals from an order of the circuit court of De Kalb County which dismissed its third-party complaint against Otto Baum and Sons, Inc. (Otto Baum). We dismiss the appeal as premature because the order appealed from does not meet the strict requirements of Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)).

On April 6, 1987, plaintiff, Joseph Pettie, filed a complaint against defendant, alleging that on October 7, 1985, plaintiff was injured when he fell from scaffolding while performing construction work at a jobsite where defendant was the general contractor. Count I of the complaint alleged that defendant violated the Structural Work Act (Ill. Rev. Stat. 1987, ch. 48, pars. 60 through 69), and count II alleged that defendant's negligence caused plaintiff's injuries. Plaintiff subsequently entered into a settlement agreement with his employer, Otto Baum, and petitioned the trial court for approval of the settlement and a finding pursuant to the Contribution Act (Ill. Rev. Stat. 1987, ch. 70, par. 301 et seq.) that their settlement was in good faith. The trial court entered an order finding that the settlement was fair and reasonable and in good faith. The order also stated that any claim against Otto Baum based on contribution, common law or implied indemnity was extinguished. This court affirmed that judgment in *Pettie v. Williams Brothers Construction, Inc.* (2d Dist. March 20, 1990), No. 2—88—1056 (unpublished order under Supreme Court Rule 23).

On January 18, 1990, during the pendency of the prior appeal, defendant filed its third-party complaint against Otto Baum based on express indemnity liability. Defendant alleged that Otto Baum had agreed in its contract with defendant to "observe and comply with all federal, state and local safety rules and regulations" and to indemnify defendant for any loss caused by Otto Baum's "failure to comply with said laws, rules and regulations." Defendant alleged that it was "entitled to complete indemnity for liability that may be adjudged against it under the Complaint at law filed by the Plaintiff."

On March 30, 1990, Otto Baum filed a motion to dismiss the third-party complaint. The parties filed written memoranda, and a hearing was held regarding the motion. The motion was granted on October 5, 1990, and the third-party complaint was dismissed pursuant to the

indemnity statute (Ill. Rev. Stat. 1987, ch. 29, par. 61). On October 16, 1990, an order was entered which denied defendant's motion to reconsider and stated, "[p]ursuant to Supreme Court Rule 304(a), there is no just reason for delaying appeal of the order of October 5, 1990." Defendant filed its notice of appeal on November 14, 1990.

■ Defendant states in the jurisdictional statement contained in its brief that this court has jurisdiction pursuant to Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)). However, the order appealed from does not contain the express written finding required by Rule 304(a). We have a duty to consider our jurisdiction and to dismiss an appeal if jurisdiction is wanting. *Ferguson v. Riverside Medical Center* (1985), 111 Ill. 2d 436, 440; *Cashmore v. Builders Square, Inc.* (1990), 207 Ill. App. 3d 267, 269.

■ A Rule 304(a) finding was necessary in this case because the order appealed from did not finally adjudicate all of the claims of the parties. Plaintiff's underlying complaint was still pending before the trial court. Rule 304(a) provides:

> "If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims *only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal.* *** In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties." (Emphasis added.) 134 Ill. 2d R. 304(a).

■ We recently considered the requirements of Rule 304(a) in *Arachnid, Inc. v. Beall* (1991), 210 Ill. App. 3d 1096. In *Beall,* the order appealed from included a finding of the court "that its prior order of April 24, 1990, was 'a final judgment as to the various causes of action set forth therein' and was 'final as to fewer than all the claims set forth in the Counterclaim; there being no just reason for delaying appeal therefrom, the Court so orders.'" (*Beall,* 210 Ill. App. 3d at 1101.) We concluded that Supreme Court Rule 304(a) requires a trial court to make a two-pronged written finding that there is no just reason for delaying (1) enforcement or (2) appeal. We then held that, "for a trial court's finding under Rule 304(a) to confer jurisdiction to a reviewing court, the finding must address both prongs: enforceability and appealability; moreover, the finding must also track the language expressly stated in the rule." *Beall,* 210 Ill. App. 3d at 1102.

We recognize that the trial court's Rule 304(a) finding in this case differs in some respects from the finding in *Beall.* The finding at issue here specifically referred to Rule 304(a) and used most of the language required by the rule. However, the finding did not include the word "enforcement." We specifically held in *Beall* that the lack of language with respect to enforceability required dismissal of the appeal. *Beall,* 210 Ill. App. 3d at 1103.

We note that the court in *Lawyers Title Insurance Corp. v. Kneller* (1988), 172 Ill. App. 3d 210, determined that a very similar Rule 304(a) finding was sufficient to confer jurisdiction on the appellate court. The finding in *Kneller* stated, "pursuant to Supreme Court Rule, being section 304(a) of chapter 110A, Illinois Revised Statutes, there is no just cause for delaying an appeal from the order entered herein on June 4, 1987." (*Kneller,* 172 Ill. App. 3d at 212.) In a vigorous dissent, however, Justice Barry stated that the appeal should have been dismissed, noting that the order was deficient in that it failed "to recite a finding that there is no just reason to delay *enforcement.*" (Emphasis in original.) (*Kneller,* 172 Ill. App. 3d at 215 (Barry, J., dissenting).) We specifically stated in *Beall* that we declined to follow the majority opinion in *Kneller* and also stated that we agreed with the rationale in Justice Barry's dissent. We noted that the language of the rule is mandatory and precise and that the rule is not unduly burdensome to follow. *Beall,* 210 Ill. App. 3d 1102-03; see also *Hopkins v. Illinois Masonic Medical Center* (1991), 211 Ill. App. 3d 652.

We must therefore dismiss this appeal. Should the appropriate finding under Rule 304(a) subsequently be made by the circuit court and a timely notice of appeal filed, we will consider the appeal on the original briefs providing the parties so stipulate and request by motion and the record is supplemented to reflect the additional proceedings below. (See *Cashmore,* 207 Ill. App. 3d at 274.) Until a proper finding is before us, however, we may not hear this appeal.

Appeal dismissed.

UNVERZAGT, J., concurs.

PRESIDING JUSTICE REINHARD, dissenting:
I respectfully dissent from the majority's opinion, which, I believe, exalts form over substance. (See *Kucharski v. Floro* (1989), 191 Ill. App. 3d 1032, 1033.) The order at issue states the following: "Pursuant to Supreme Court Rule 304(a), there is no just reason for delaying appeal of the order of October 5, 1990." Thus, the order specifically

mentions Rule 304(a) and tracks the language of the rule except it does not refer to enforceability. The majority holds that this failure requires us to find that we have no jurisdiction. However, the failure to include any language of the enforceability of the order does not make the order legally deficient, nor is the failure surprising because the order of October 5, 1990, dismissed the third-party complaint. The logical result of this order is that there is no judgment to enforce. Appeal from, not enforcement of, the judgment is the only possible consequence of the order. Therefore, under these facts, it would have served no purpose for the circuit court to have included language that there was no just reason for delaying enforcement.

Although the majority relies on this court's decision in *Arachnid, Inc. v. Beall* (1991), 210 Ill. App. 3d 1096, I believe that case should be reexamined and overruled. Certainly, the purpose of Rule 304(a), to discourage piecemeal appeals, is not furthered by the overly strict interpretation announced in *Arachnid*. Under the facts of this case, the order fulfilled the purpose of the rule. The holding of *Arachnid* and of the majority here also frustrates the intent of the parties and the circuit court. In this case, although the order did not include language of enforceability, the clear intent was to permit an appeal under Rule 304(a), and there is no need to track precisely the wording of Rule 304(a). (*Hopkins v. Illinois Masonic Medical Center* (1991), 211 Ill. App. 3d 652, 655-56 (Jiganti, J., dissenting).) Thus, the order was sufficient to give this court jurisdiction. *Cwiertnia v. Zaborowski* (1989), 192 Ill. App. 3d 841, 845.

There is a split of authority on this subject within the divisions of the Appellate Court for the First District (compare *Cwiertnia v. Zaborowski* (1989), 192 Ill. App. 3d 841, and *Kucharski v. Floro* (1989), 191 Ill. App. 3d 1032 (third division cases requiring only substantial compliance with Rule 304(a)), with *Hopkins v. Illinois Masonic Medical Center* (1991), 211 Ill. App. 3d 652 (fourth division), and *Hamer v. Lentz* (1987), 155 Ill. App. 3d 692 (fifth division) (requiring strict compliance with Rule 304(a))), as well as between the Second and Third Districts of the Appellate Court (compare *Arachnid, Inc. v. Beall* (2d Dist. 1991), 210 Ill. App. 3d 1096), with *Lawyers Title Insurance Corp. v. Kneller* (3d Dist. 1988), 172 Ill. App. 3d 210).

I dissent and would address the appeal on its merits.