# Illinois Official Reports

## Appellate Court

---

### *In re Marriage of Morgan*, 2019 IL App (3d) 180560

---

| | |
|---|---|
| Appellate Court Caption | *In re* MARRIAGE OF GERI T. MORGAN, n/k/a Geri T. Fox, Petitioner-Appellee, and MICHAEL S. MORGAN, Respondent-Appellant. |
| District & No. | Third District<br>Docket No. 3-18-0560 |
| Filed | May 29, 2019 |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 14-D-2051; the Hon. Elizabeth D. Hoskins Dow, Judge, presiding. |
| Judgment | Appeal dismissed. |
| Counsel on Appeal | Joseph R. Mazzone, of Joliet, for appellant.<br><br>No brief filed for appellee. |
| Panel | PRESIDING JUSTICE SCHMIDT delivered the judgment of the court, with opinion.<br>Justices Carter and McDade concurred in the judgment and opinion. |

¶ 1    Respondent-Appellant, Michael Morgan, filed a motion for substitution of Judge David Garcia for cause pursuant to section 2-1001(a)(3) of the Code of Civil Procedure (735 ILCS 5/2-1001(a)(3) (West 2016)). Judge Elizabeth D. Hoskins Dow heard arguments on Michael's motion. She denied Michael's motion in a written order, stating the "ruling is appealable pursuant to Supreme Court Rule 304 and other applicable rules." Michael appeals, claiming appellate jurisdiction under Illinois Supreme Court Rule 304 (eff. Mar. 8, 2016). We dismiss the appeal for a lack of jurisdiction.

¶ 2                         BACKGROUND

¶ 3    This is the second appeal in this matter. See *In re Marriage of Morgan*, 2018 IL App (3d) 170021-U. As such, we only provide a limited background in this case as the only issue on appeal pertains to removal of a judge for cause. See 735 ILCS 5/2-1001(a)(3) (West 2016).

¶ 4    The parties married in February 1995. On December 9, 2014, appellee, Geri T. Morgan, now known as Geri T. Fox, filed a petition for dissolution of marriage. The parties had three children and entered into an agreed allocation judgment in May 2015. On November 20, 2015, the court entered a judgment for dissolution of marriage.

¶ 5    On June 20, 2018, a hearing was held before Judge Garcia regarding numerous pending motions; specifically, a motion for an *in camera* interview of the parties' 17-year-old daughter and a motion for modification of allocation judgment. The court ordered the parties to mediation during the hearing. The exchange complained of on appeal followed.

> "THE COURT: And I was looking at the judgment, and the—the judgment this morning, and this was by agreement, right, the allocation judgment?
>
> MS. BURKHEAD [(APPELLEE'S COUNSEL)]: Yes.
>
> THE COURT: Yeah. So[,] I don't see any reason why we would change it if it was by agreement. I mean, you're pursuing justice—they weren't pursuing justice when you put in this judgment?
>
> MR. MAZZONE [(APPELLANT'S COUNSEL)]: Judge, when the judgment was put in, the parties hadn't [*sic*] much experience exchanging visitation and it's been difficult now. You know, part of that judgment gives her the right to have the final say.
>
> THE COURT: Okay. Which most judgments do.
>
> ***
>
> THE COURT: Well, have mediation and we'll go on from there.
>
> MR. MAZZONE: All right, Judge. I think you want to listen to this stuff.
>
> THE COURT: Oh, I will listen to it.
>
> MR. MAZZONE: But if you are telling me you are not going to change it, then I am not sure—do I have to talk louder?
>
> THE COURT: Well, I tend not to change agreements by couples because it's inconvenient to one of the couples the way they agreed to.
>
> MR. MAZZONE: Okay. But the agreement was May of 2015, Judge. It's 2018 now. There is a lot of things that have happened between these parties since then that you should take notice of.

THE COURT: Neither have grown up yet. That's what's happened. Not the kids.

MR. MAZZONE: That could very well be.

THE COURT: The kids are growing up, but the couples aren't. So[,] let's go to mediation and see where it goes.

MR. MAZZONE: All right. We'll do that, and then we'll come back here and figure out all the rest of these motions. We will not be able to resolve all these strikings [*sic*] and dismissals and things like that.

THE COURT: They can argue this judgment that's already in place and spend the rest of their money that they have left doing it. You know, people do that in here, so I am not going to stop them. So go ahead. Set it for mediation.

MR. MAZZONE: All right, Judge. We will do that."

¶ 6 Michael filed a motion to substitute Judge Garcia for cause. Judge Dow heard arguments on the motion. Mr. Mazzone argued that the statements made by Judge Garcia constituted actual prejudice. Judge Dow reviewed the matter in light of *In re Marriage of O'Brien*, 2011 IL 109039, and found no actual prejudice. She also found that Judge Garcia had not reached the merits of Michael's motion during the hearing. She stated in open court that Mr. Mazzone was more than welcome to have "308(a) language" in the order showing his right to appeal. The written order denying the motion stated, "this ruling is appealable pursuant to Supreme Court Rule 304 and other applicable rules." Michael appeals. Appellee did not file a brief.

¶ 7                                                    ANALYSIS

¶ 8 On appeal, Michael argues the comment by Judge Garcia that he "tend[s]" to keep mutually agreed upon allocation judgments in place if "it only inconveniences one party" shows actual prejudice. Additionally, he argues that Judge Garcia's comments were based on an extrajudicial source and therefore were prejudicial.

¶ 9 Before we address the merits of Michael's appeal, we must first determine whether this court has jurisdiction. *Dus v. Provena St. Mary's Hospital*, 2012 IL App (3d) 091064, ¶ 9. "A reviewing court must ascertain its jurisdiction before proceeding in a cause of action, and this duty exists regardless of whether either party has raised the issue." *Inland Commercial Property Management, Inc. v. HOB I Holding Corp.*, 2015 IL App (1st) 141051, ¶ 17. Our jurisdiction is limited to review of appeals from final judgments unless otherwise permitted under Illinois Supreme Court rules or by statute. *Id.* (citing *In re Marriage of Verdung*, 126 Ill. 2d 542, 553 (1989)).

¶ 10 Michael contends we have jurisdiction over this appeal pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016). He also argues that "Judge Dow stated in open court her order was appealable pursuant to Illinois Supreme Court Rule 304(a)."

¶ 11 Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016) provides, in pertinent part:

"If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a *final judgment* as to one or more but fewer than all of the parties or claims *only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both*." (Emphases added.)

¶ 12 Judge Dow did not include the language "there is no just reason for delaying enforcement or appeal or both" in the order, nor was it clear she intended to invoke Rule 304(a) from the record. Case law concerned with requisite Rule 304(a) findings allow for the invocation of the

rule if it is clear from the record it was the trial court's intent. See *In re Application of the Du Page County Collector*, 152 Ill. 2d 545, 549-50 (1992). However, Judge Dow stated on the record that the ruling was appealable pursuant to Rule 308(a), not Rule 304(a). Further, the written finding that the ruling was "appealable pursuant to Supreme Court Rule 304 and other applicable rules" was not an express written finding in accordance with Rule 304(a). In *Lawyers Title Insurance Corp. v. Kneller*, 172 Ill. App. 3d 210 (1988), a panel of this court found an order conferred appellate court jurisdiction when it stated, " 'pursuant to Supreme Court Rule, being section 304(a) *** , there is no just cause for delaying an appeal from the order entered herein on June 4, 1987.' " *Id.* at 212-13. The court reasoned a finding there was no just reason for delaying "enforcement *or* appeal" and specific citation to the rule itself in the order constructively fulfilled the technical language requirement and conferred jurisdiction. (Emphasis added.) *Id.* The majority relied on the premise that "rules governing civil procedure are to be liberally construed so long as the substantive rights of all parties are protected." *Id.* at 213. Justice Tobias Barry dissented asserting, "[t]he language of Rule 304(a) is mandatory and precise, not directory or generic—its purpose, salutary, not cavalier. The rule is not unduly burdensome. Accordingly, the rule should be, and until today has been, applied strictly." *Id.* at 217 (Barry, J., dissenting); see also *Hopkins v. Illinois Masonic Medical Center*, 211 Ill. App. 3d 652, 655 (1991) (agreeing with Justice Barry and dismissing an appeal for lack of compliance with Rule 304(a)). Illinois Supreme Court Rule 304(a) was subsequently amended to reflect that trial courts do not have to reference both appealability and enforceability; courts need only reference one, the other, or both to invoke the rule. See Ill. S. Ct. R. 304(a), Commentary (Dec. 17, 1993); see also *In re Application of the Du Page County Collector*, 152 Ill. 2d 545.

¶ 13    While the jurisdictional issue in *Kneller* rested on the absence of the term "enforceability" in the order, we believe Justice Barry's underlying logic aptly applies to the present case. Rule 304(a) is not unduly burdensome, and simply mentioning appealability while vaguely referencing Rule 304 "and other applicable rules" does not confer appellate jurisdiction. See *Department of Healthcare & Family Services v. Cortez*, 2012 IL App (2d) 120502, ¶ 8 (order that stated certain provisions were "hereby appealable" without reference to Rule 304(a) or language tracking the rule did not confer appellate jurisdiction); see also *Palmolive Tower Condominiums, LLC v. Simon*, 409 Ill. App. 3d 539, 544 (2011) ("A circuit court's declaration that an order is 'final and appealable,' without reference to the justness of delay, or even reference to immediate appealability, evinces no application of the discretion Rule 304(a) contemplates."). The order in this matter refers to appealability but unlike *Kneller* does not cite the rule with specificity or reference justness of delay. The order goes on to give Michael *carte blanche* to employ any other supposedly applicable rules that may bestow appellate jurisdiction. We decline to find this constitutes a sufficient express written finding to invoke Rule 304(a).

¶ 14    Furthermore, even assuming the written finding was sufficient, it is well-settled law that the inclusion of Rule 304(a) language in a nonfinal order does not make the order appealable under supreme court rules. *Inland*, 2015 IL App (1st) 141051, ¶ 23. The denial of a motion for substitution of judge for cause is an interlocutory order and is not final for purposes of appeal. *Id.* ¶ 19 (citing *In re Marriage of Nettleton*, 348 Ill. App. 3d 961, 969 (2004)). The September 10, 2018, order denying a substitution of judge would not have been a final order simply because 304(a) language was included. See *id.* ¶ 24. Consequently, the denial of a motion for

substitution of judge for cause is an interlocutory order, is not final for purposes of appeal, and cannot be converted into a final order by the mere inclusion of Rule 304(a) language.

¶ 15                                                    CONCLUSION

¶ 16             For the foregoing reasons, we dismiss the appeal for lack of jurisdiction.

¶ 17             Appeal dismissed.