ROBERT KUCHARSKI, Plaintiff-Appellant, v. RODRIGO B. FLORO, Defendant-Appellee (Englewood Hospital, Defendant).

First District (3rd Division)   No. 1—89—0162

Opinion filed December 1, 1989.

James L. Farina, of J. Dillon Hoey, P.C., of Chicago, for appellant.

John J. Mustes and John R. Ostojic, both of Chadwell & Kayser, Ltd., of Chicago, for appellee.

JUSTICE RIZZI delivered the opinion of the court:

Plaintiff-appellant, Robert Kucharski (Kucharski), appeals from an order of the circuit court of Cook County entered on December 16, 1988, which denied his motion to amend a dismissal order entered on November 3, 1986. On appeal, Kucharski argues that the trial court erred when it denied his motion and ruled that the November 3 order was final and appealable pursuant to Illinois Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)). We affirm.

On April 1, 1986, Kucharski filed a medical malpractice action against Dr. Rodrigo B. Floro (Floro) and Englewood Hospital (the hospital). The hospital is not involved in this appeal. On April 28, 1988, the hospital spread of record its bankruptcy. Because Kucharski failed to file any affidavit of merit or written medical report pursuant to section 2—622 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—622), defendants filed separate motions to dismiss based upon Kucharski's failure to comply with section 2—622.

On November 3, 1986, the court entered an order granting Floro's motion to dismiss. The order further provided as follows:

"This matter is final and appealable as to [the defendant physician] only pursuant to Rule 304(a)."

The supplemental record discloses that Kucharski's attorney had in-

correctly diaried the hearing and therefore failed to appear in court on November 3. Later that month, the circuit court entered and continued the hospital's motion to dismiss for 60 days in order to allow Kucharski time to file an affidavit and medical report pursuant to section 2—622.

On January 26, 1987, Kucharski filed an amended complaint against both the hospital and Floro, together with an affidavit and written medical report. The hospital subsequently filed an answer to the amended complaint.

On October 12, 1988, Kucharski filed a motion to amend the November 3, 1986, dismissal order, contending that the court erroneously had assumed that dismissal based upon noncompliance with section 2—622 was necessarily with prejudice. (See *McCastle v. Sheinkop, M.D., Ltd.* (1987), 121 Ill. 2d 188, 194, 520 N.E.2d 293 (trial court has discretion to grant dismissal under section. 2—622 with or without prejudice).) Kucharski further contended that fairness dictated that he be permitted to amend the November 3 order to allow him to file his amended complaint. In response, Floro contended that the circuit court lacked jurisdiction because Kucharski's motion was untimely.

On December 16, 1988, the court entered an order finding that the November 3, 1986, order was final and appealable and denying Kucharski's motion to amend that order.

On appeal, Kucharski contends that the circuit court retained jurisdiction to grant the motion to amend the November 3 order because the November 3 order failed to state that there was "no just reason to delay enforcement or appeal" in accordance with Supreme Court Rule 304(a) and consequently was not appealable. According to Kucharski, the "no just reason to delay enforcement or appeal" language is mandatory pursuant to *Hamer v. Lentz* (1987), 155 Ill. App. 3d 692, 695, 508 N.E.2d 324. Kucharski asserts that in the absence of such language, the November 3 order remains subject to revision prior to the entry of a judgment resolving all of the claims of all of the parties.

Floro contends that the circuit court lacked jurisdiction because the November 3 order specifically referred to Rule 304(a) and consequently was final and appealable, and the time to appeal from the November 3 order had expired. According to Floro, the November 3 order is not open to revision.

In our view, the language of the November 3 order was clear. The order was made "final and appealable *** pursuant to Rule 304(a)." We believe that Kucharski's contrary interpretation of the order is a triumph of form over substance. Our conclusion that the November 3

1034

order was appealable under Rule 304(a), and therefore no longer subject to revision, is not inconsistent with *Hamer v. Lentz*.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

WHITE and CERDA, JJ., concur.