PATRICIA STROUD, Indiv. and as Adm'r of the Estate of Alton Stroud, Deceased, Plaintiff, v. NEWS GROUP CHICAGO, INC., *et al.*, Defendants.—ALLEN E. KRUCEK, Plaintiff-Appellee, v. NEWS GROUP CHICAGO, INC., Defendant-Appellant (Michael Scott, Defendant).—QUANTEX CORPORATION, as Subrogee of Transit-All Service, Inc., *et al.*, Plaintiffs, v. CHICAGO SUN-TIMES *et al.*, Defendants.

First District (5th Division) No. 1—89—2810

Opinion filed June 14, 1991.

---

*Justice Michel A. Coccia participated in oral arguments prior to his assignment to another division.

Wildman, Harrold, Allen & Dixon, of Chicago (Stanley V. Boychuck and David A. Kanter, of counsel), for appellant.

Beerman, Swerdlove, Woloshin & Barezky, of Chicago (Alvin R. Becker and Timothy M. Kelly, of counsel), for appellee.

PRESIDING JUSTICE LORENZ delivered the opinion of the court:

Defendant, News Group Chicago, Inc. (News Group), applied to this court for leave to appeal under Supreme Court Rule 308 (134 Ill. 2d R. 308) from an order identifying two questions for appeal. Rule 308 allows an appeal from an interlocutory order, identifying a question of law, with the permission of the appellate court in the exercise of its discretion. This court granted News Group's application, and we consider: (1) whether the trial judge had jurisdiction on July 10, 1989, to modify an order which was made final and appealable on November 30, 1988; and (2) whether News Group should have been granted summary judgment when its employee, Michael Scott, was dismissed with prejudice and the alleged basis for News Group's liability was under the doctrine of *respondeat superior*. We reverse and remand.

Plaintiff, Allen Krucek, filed a complaint against News Group and Scott seeking recovery for personal injuries he sustained in a car accident on December 20, 1984. At the time of the accident, Krucek was

driving a truck owned by Transit-All Service, Inc. (Transit-All), which collided with a truck owned by News Group and driven by Scott. Krucek alleged Scott's negligence caused the accident and News Group was liable for Scott's actions as his employer under the doctrine of *respondeat superior*. Krucek did not allege any independent acts of negligence against News Group. News Group was served with the complaint and filed an answer, which is not in the record on appeal, admitting that Scott was its employee. Scott was not served with the complaint.

In addition to the case on appeal, two other complaints were filed as a result of the accident which were consolidated in the trial court. Patricia Stroud, individually and as administrator of the estate of Alton Stroud, who was a passenger in Scott's truck, filed a personal injury action against News Group, Scott, Krucek, and Transit-All. Quantex Corporation and Forum Insurance Company filed a subrogation action for property damage against Chicago Sun-Times (of which News Group is a corporate entity) and Scott. The plaintiffs in both of these actions also failed to serve Scott with summons and complaint.

News Group moved to dismiss Scott with prejudice under Supreme Court Rule 103(b) (134 Ill. 2d R. 103(b)) from each of the three cases for plaintiffs' failure to serve Scott after the statute of limitations expired. Rule 103(b) provides that on the application of any defendant or on the court's own motion, an unserved defendant may be dismissed with prejudice for plaintiff's failure to exercise reasonable diligence to serve him after the statute of limitations has expired. Krucek did not appear at the hearing on the motion, and the trial judge entered an order on October 6, 1988, dismissing Scott with prejudice from each of the cases. The order specifically stated that if a motion to reconsider the order was not filed within 30 days, a finding would be entered allowing an appeal under Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)). Rule 304(a) provides that an appeal may be taken from a final judgment which disposes of fewer than all of the parties or claims if the judge makes an express finding that there is no just reason to delay enforcement or appeal. Krucek, however, did not file a motion to reconsider or a motion to vacate.

On November 30, 1988, pursuant to News Group's motion, the judge made a Rule 304(a) finding for the October 6 order against Krucek. No appeal was taken from that order.

Subsequently, News Group moved for summary judgment arguing that the dismissal with prejudice of Scott under Rule 103(b) barred Krucek's action against it under the doctrine of *res judicata*. At the hearing on the motion, the judge stated that Scott's previous dis-

missal would have no bearing on News Group's liability and directed the parties to prepare an order stating that Scott's dismissal was not an adjudication on the merits. An order was entered on July 10, 1989, which stated:

"(1) On its own motion, the court makes a finding that the dismissal of Michael Scott on October 6, 1988, 'shall not [a]ffect the potential liability of News Group Chicago,'

\*\*\*

(3) News Group's motion for summary judgment against Krucek \*\*\* is denied pursuant to the finding announced in paragraph one of this order."

Pursuant to News Group's motion for a permissive appeal under Rule 308, the trial judge found that the order involved a question of law as to which there was a substantial ground for difference of opinion and that an immediate appeal would materially advance the ultimate termination of the litigation. The judge identified the following two questions for appeal:

"(a) Whether the trial court had jurisdiction to enter its July 10, 1989, order modifying the prior orders of October 6, 1988 (said order granting News Group's Motion to Dismiss Michael Scott pursuant to Supreme Court Rule 103(b)), and November 30, 1988 (said order granting News Group's motion to make the October 6, 1988, order final and appealable pursuant to Supreme Court Rule 304(a)), by ruling that the order of October 6, 1988 was not 'an adjudication on the merits as to News Group;' and

(b) Assuming the answer to the first certified question is in the negative, whether the dismissal of Michael Scott pursuant to Supreme Court Rule 103(b) is *res judicata* on the potential liability of News Group Chicago where there is no independent basis of negligence asserted against News Group Chicago and the sole basis of recovery against News Group Chicago is by virtue of the doctrine of *respondeat superior*."

News Group applied to this court for leave to appeal under Rule 308, and this court granted the appeal.

OPINION

The first question is whether the trial judge had jurisdiction on July 10, 1989, to modify the order entered on October 6, 1988, which was made final and appealable on November 30, 1988. The October 6 order dismissed Scott with prejudice under Rule 103(b) for Krucek's

failure to exercise reasonable diligence in serving Scott. The July 10 order stated:

> "(1) On its own motion, the court makes a finding that the dismissal of Michael Scott on October 6, 1988, 'shall not [a]ffect the potential liability of News Group Chicago[.]' "

News Group contends that this paragraph modified the October 6 order because it was the equivalent of adding a finding under Supreme Court Rule 273 (134 Ill. 2d R. 273) that Scott's dismissal was not an adjudication on the merits. Rule 273 provides:

> "Unless the order of dismissal or a statute of this State otherwise specifies, an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits." 134 Ill. 2d R. 273.

■ After a trial court has entered a Rule 304(a) finding that there is no just reason to delay enforcement or appeal of a final judgment and the time to appeal has expired, the court loses jurisdiction to modify the order. (*Kucharski v. Floro* (1989), 191 Ill. App. 3d 1032, 548 N.E.2d 483.) An order entered without jurisdiction is void. (*Ball v. Edgar* (1988), 165 Ill. App. 3d 349, 519 N.E.2d 35.) In this case, the trial judge did not have jurisdiction on July 10 to modify the October 6 order, which was made final and appealable on November 30. As a result, the July 10 order, pertaining to News Group, was void.

Krucek argues that paragraph one of the July 10 order merely interpreted the October 6 order rather than actually modified it. From the language of paragraph one, the judge made "a finding" that Scott's dismissal did not affect News Group's liability. However, at the hearing the judge stated that the July 10 order should state Scott's dismissal was not an adjudication on the merits. This indicates that the judge attempted to modify the October 6 order by including a finding that the dismissal was not an adjudication on the merits under Rule 273.

The second question identified by the trial judge is whether the Rule 103(b) dismissal with prejudice of Scott, the employee, was *res judicata* to the liability of News Group, his employer, when Krucek sought to hold News Group liable under the doctrine of *respondeat superior*. The trial judge denied News Group's motion for summary judgment on this issue.

■ An adjudication on the merits, rendered by a court of competent jurisdiction, is conclusive of the rights of the parties and their privies and, under the doctrine of *res judicata*, is an absolute bar to a subsequent action against them involving the same claim, demand, or

cause of action. (*Towns v. Yellow Cab Co.* (1978), 73 Ill. 2d 113, 382 N.E.2d 1217.) As stated previously, Rule 273 provides that an involuntary dismissal, with certain exceptions not applicable here, operates as an adjudication on the merits. The supreme court in *Towns* explained the application of *res judicata* to agency relationships:

> "[A] judgment for either the master or servant, arising out of an action predicated upon the alleged negligence of the servant, bars a subsequent suit against the other for the same claim of negligence where the agency relationship is not in question. *** ***
>
> *** When an action is brought against a master based on the alleged negligent acts of his servant, and no independent wrong is charged on behalf of the master, his liability is entirely derivative, being founded upon the doctrine of *respondeat superior*. *** [T]he liability of the master and servant for the acts of the servant is deemed that of one tortfeasor and is a consolidated or unified one. [Citation.] *** The operative facts which comprise the alleged bases for liability of the master are identical to those which would prove the servant liable. *** A judgment, therefore, adjudicating the master not liable, where a judgment to the contrary could have only resulted from a finding that the servant committed an actionable wrong against the plaintiff, is a judgment in legal effect that the servant is not liable. [Citation.] *** [T]o hold otherwise would allow the plaintiff to have two trials for the same cause of action." (*Towns*, 73 Ill. 2d at 122-24, 382 N.E.2d at 1221-22.)

In *Towns*, the court held that the dismissal with prejudice of a master as a discovery sanction was an adjudication on the merits as to the servant under Rule 273. As a result, the action against the servant was barred as *res judicata*.

This court has previously considered whether the dismissal with prejudice of a principal under Rule 103(b), for plaintiff's failure to exercise reasonable diligence in serving him, was an adjudication on the merits under Rule 273 as to the agent. (*Williams v. Bolsten* (1989), 184 Ill. App. 3d 832, 540 N.E.2d 966.) In *Williams*, the principal was dismissed with prejudice under Rule 103(b) and summary judgment was subsequently granted in the agent's favor on *res judicata* grounds. On appeal, the judgment was affirmed based on a finding that the Rule 103(b) dismissal with prejudice was an adjudication on the merits. Relying on *Towns*, this court held the action against the agent was barred by *res judicata* because there was an adjudication on the merits as to the principal. See also *Martin v. Yellow Cab Co.*

(1990), 208 Ill. App. 3d 572, 567 N.E.2d 461 (relying on *Towns*, summary judgment in the principal's favor was affirmed because the Rule 103(b) dismissal with prejudice of the agent was *res judicata* to the principal).

■ Similarly, here, Krucek alleged News Group was liable based on the doctrine of *respondeat superior* for the alleged negligent acts of its employee, Scott. Although News Group's answer to the complaint is not in the record on appeal, Krucek does not dispute that News Group admitted Scott was its employee. Because the agency relationship was admitted, the dismissal of Scott with prejudice operated as an adjudication on the merits as to News Group and Krucek's action against News Group was barred under the doctrine of *res judicata*. Therefore, the trial judge's decision must be reversed and remanded.

■ In defending this appeal, Krucek argues that the Rule 103(b) dismissal of Scott with prejudice was erroneous. However, this case is on appeal under Rule 308 and review is limited to the questions identified by the trial court. (*Thompson v. Walters* (1991), 207 Ill. App. 3d 531, 565 N.E.2d 1385.) The propriety of Scott's dismissal, therefore, is not before this court. Further, because Krucek failed to appeal Scott's dismissal after the Rule 304(a) finding was entered that there was no just reason to delay enforcement or appeal, the dismissal of Scott is no longer subject to review. 134 Ill. 2d Rules 303, 304.

For the above reasons, the first certified question is answered in the negative and the second is answered in the affirmative. The order of July 10, 1989, is reversed as to News Group and the cause is remanded with directions to proceed in accordance with this opinion.

Reversed and remanded.

MURRAY and McNULTY, JJ., concur.