THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. FRANCISCO ECHENIQUE, Defendant-Appellee (The City of Chicago, Nonparty-Appellant).

First District (1st Division)   No. 1—89—1854

Opinion filed December 30, 1991.

Kelly R. Welsh, Corporation Counsel, of Chicago (Ruth M. Moscovitch and Frederick S. Rhine, Assistant Corporation Counsel, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago, for the People.

Frank H. Brady, Jr., of Hazel Crest, for appellee Francisco Echenique.

PRESIDING JUSTICE MANNING delivered the opinion of the court:

This appeal arises from the trial court's entry of an order imposing sanctions against the City of Chicago based on the theory of vicarious liability for its failure to secure the attendance of an arresting police officer at trial.

On August 14, 1987, defendant Francisco Echenique was arrested by Chicago police officer Guiffra Kaizer and subsequently charged with possession of cocaine with intent to deliver. (Ill. Rev. Stat. 1985, ch. 56½, par. 1401(b).) The City of Chicago was not named as a party in that action.

On December 27, 1988, defendant pled not guilty and waived his right to a jury trial. The case was set for trial and continued several times until February 14, 1989. Officer Kaizer was not requested to be present on that date because the chemist who would testify to the chain of custody could not be located. The case was subsequently con-

tinued until March 29, 1989. Because the chemist was again unavailable, the State could not prosecute the cause. The officer, once again, was not requested to be present and the case was continued until April 27, 1989. Officer Kaizer, however, was informed by the 14th District police station to appear on April 26, 1989. The chemist appeared on April 27, 1989, but because Kaizer was incorrectly advised of the date, he did not appear and the case was continued until June 15, 1989.

On May 2, 1989, the State served a subpoena for Officer Kaizer on the Chicago police department returnable on June 15, 1989. The superintendent's office of the Chicago police department acknowledged receiving this subpoena May 4, 1989. The subpoena was then transferred to the 14th District and Officer Kaizer was given notice to appear on June 15, 1989.

On June 15, 1989, Officer Kaizer failed to appear. The State at that time requested a continuance, which request was denied. Prior to the commencement of trial, defendant presented a motion to dismiss based on prejudice and for sanctions and attorney fees based upon alleged misconduct by the assistant State's Attorney, including failure of the assistant to secure attendance of Officer Kaizer at trial. The motion did not name or allude to the City of Chicago and was not served upon the City or any agent thereof. The court deferred ruling on the motion until after the trial was completed.

At trial the State's criminalist testified to the chain of custody of the substance recovered from defendant. After cross-examination by defense counsel, the State rested its case. The State renewed its request for a continuance based on the absence of Officer Kaizer, which request was denied. Defense counsel then made a motion for a directed finding, asserting that the State had failed to present any evidence to the court. After hearing arguments, the court granted a directed finding for defendant and discharged him.

It is not clear from the record whether the court entered a motion *sua sponte,* or whether defense counsel made an oral motion, but subsequent to the court's entry of the directed finding it issued a rule to show cause, returnable July 5, 1989, against Officer Kaizer for failing to appear in court. Notwithstanding the fact that the city was not present, the court at that same proceeding awarded defense counsel attorney fees of $1,500 against the City of Chicago.

On July 5, 1989, Officer Kaizer testified at the hearing on the rule to show cause. He stated that on May 26, 1989, he contacted the State's Attorney's office and was advised that the case would not be heard. About June 5, while on furlough, he was contacted by the

State's Attorney's office and advised to be in court on June 15, 1989. Kaizer testified that the procedure followed when an officer is on furlough is to report to the station to complete forms, and the commander is responsible for notifying all courts of the fact that an officer is on furlough. He stated that on June 5 a subpoena was left for him. He went to the station that next day and filled out the forms notifying the commander that he would be out of town for two weeks. He stated that the department's procedure is to hold all notifications until one week before the court date, and that he was not given sufficient time to notify anyone. After hearing his explanation, the court discharged the rule against Kaizer.

On July 10, 1989, counsel for the City of Chicago filed a limited and special appearance, and a motion, *instanter*, to vacate the judgment assessing the City $1,500 in attorney fees. After hearing argument by both corporation counsel and defense counsel, the court held that vicarious liability attached and denied the city's motion to vacate the judgment.

The City of Chicago filed this appeal as a nonparty appellant. The City argues on appeal that the order entered on June 15, 1989, assessing it $1,500 in attorney fees is void, and that the order has no basis in law. Specifically, the city contends that the court lacked personal jurisdiction over it and that the imposition of criminal liability upon it was improper because there was no showing that the city's conduct was willful.

■ Essential to the validity of any judgment by the trial court is the court's jurisdiction over the subject matter of the litigation and the parties to the proceeding. (*In re Marriage of Gluszek* (1988), 168 Ill. App. 3d 987, 990, 523 N.E.2d 126.) In the absence of a personal appearance by a named party, personal jurisdiction may only be acquired by service of process in the manner directed by statute. (*Kappel v. Errera* (1987), 164 Ill. App. 3d 673, 677, 518 N.E.2d 226.) Service of process on a governmental or municipal corporation may be obtained by leaving a copy of summons with the mayor or city clerk in the case of a city. Ill. Rev. Stat. 1989, ch. 110, par. 2—211.

In the instant case, the City of Chicago was not named as a party in the contempt proceeding, neither was it served with process in that cause. Further, the city was not given notice of defendant's petition for attorney fees. The court, however, stated that liability attached to the city under the doctrine of *respondeat superior*. We disagree.

■ When an action is brought against a master based on the alleged negligent acts of his servant, and no independent wrong is charged on behalf of the master, the liability is entirely derivative, be-

ing founded upon the doctrine of *respondeat superior*. The liability of the master and servant for the acts of the servant is deemed that of one tortfeasor and is a consolidated or unified one. (*Stroud v. New Groups Chicago, Inc.* (1991), 215 Ill. App. 3d 1006, 1011, 576 N.E.2d 152.) The operative facts which comprise the alleged bases for liability of the master are identical to those which would prove the servant liable. *Stroud*, 215 Ill. App. 3d at 1011.

■■ Here, the court lacked personal jurisdiction over the city by its failure to comply with the statutory procedure for service of process on a governmental corporation. Further, the city was not given notice or an opportunity to defend against defendant's request for attorney fees. Moreover, the court's affirmative release of Officer Kaizer from liability thereby released the city. For liability to attach to the city on the basis of *respondeat superior*, the officer must have first been found guilty.

The court's theory of liability was the doctrine of *respondeat superior*. However, the court explained that it was the city's "poor policy" of notifying police officers of court dates that was the basis for its imposition of the fees. Hence, the court was apparently punishing the city for what it viewed as an inadequate policy. The failure to have an efficient policy to notify police officers of a trial date cannot be said to be a willful and knowing violation of a court order, sufficient to find the city in contempt. Therefore, the trial court erred in awarding attorney fees against the city.

Accordingly, the judgment of the circuit court of Cook County is reversed.

Reversed.

CAMPBELL and BUCKLEY, JJ., concur.