JAMES A. ZIEMBA *et al.*, Plaintiffs-Appellants, v. ANTHONY ANANIA *et al.*, Defendants-Appellees.

First District (5th Division)   No. 1—90—1650

Opinion filed June 26, 1992.

Donald G. Weiland, of Chicago, for appellants.

Francis A. Spina and Thomas R. Pender, both of Tressler, Soderstrom, Maloney & Priess, of Chicago, for appellees.

JUSTICE GORDON delivered the opinion of the court:

NATURE OF ACTION

This appeal is taken from the trial court's order of May 11, 1990, granting the motion of defendant Belfast Auto Parts, Inc. (Belfast), for summary judgment against the plaintiffs predicated upon Belfast's contention that the action was barred by *res judicata*. For the reasons stated below, we affirm the judgment of the trial court.

STATEMENT OF FACTS

The facts in this appeal are undisputed. In January 1985 plaintiffs filed a complaint against Anthony Anania and Belfast to recover for injuries sustained by James Ziemba and for loss of consortium sustained by Jaqueline Ziemba when Belfast's truck came into contact with Ziemba while Ziemba was a pedestrian. The complaint alleged that defendant Anania was, at all times in question, operating a truck as an agent of Belfast and under Belfast's supervision and control and at the time of the occurrence, he was acting within the scope of his employment. Paragraph number 11 of the complaint alleged independent negligence by Belfast in failing to adequately train and supervise its employees in the operation of its vehicles.

Belfast was served with a summons on March 11, 1985. Subsequently, in August 1985 Belfast appeared and filed an answer admitting that Anania was its agent subject to its supervision and control and that at the time of the occurrence he was acting within the scope of his employment. Although some effort was made to do so, no summons was ever served upon defendant Anania.

On March 31, 1989, Belfast filed a motion to dismiss the claim against Anania under Rule 103(b) (134 Ill. 2d R. 103(b)). Because the applicable statute of limitations had run, the action against Anania was dismissed with prejudice.

Belfast thereupon filed two successive motions for summary judgment. In September 1989 Belfast filed its first motion for summary

judgment on the ground that the only direct negligence of Belfast was pleaded as provided in paragraph number 11, and proferred the affidavit of Anania to establish that Belfast was not negligent in its training and supervision of Anania. Plaintiff did not controvert Anania's affidavit, but instead urged that the pleadings still stated a cause of action against Belfast on a theory of vicarious liability (*respondeat superior*). On November 9, 1989, the trial court entered an order pursuant to Belfast's first motion for summary judgment striking paragraph number 11 of the complaint with prejudice but leaving the remainder of the complaint standing as an action against Belfast under the doctrine of *respondeat superior*.

In January 1990 Belfast filed its second motion for summary judgment alleging that it cannot be held to be vicariously liable for the negligence of Anania, once Anania was dismissed with prejudice pursuant to Rule 103(b). As part of their response, plaintiffs attached the affidavit of their counsel which asserted that at the time Belfast filed its motion to dismiss pursuant to Rule 103(b), its counsel represented to the affiant that the purpose of its motion was merely to "clear up the record and to put Anthony Anania's mind at ease." Plaintiffs also attached a letter from Belfast's counsel sent to plaintiffs' attorney in connection with Belfast's first summary judgment motion, stating that the purpose of that motion was to eliminate allegations of independent acts of negligence by Belfast but, "In the event these allegations are dropped from the complaint and the complaint relates to *respondeat superior* liability only, then I think a proper cause of action is plead [*sic*]."

On May 11, 1990, the trial court granted Belfast's second motion for summary judgment and it is from that order only that this appeal is taken.

Opinion

We agree with the trial court that the dismissal of the cause of action against the employee under Rule 103(b) (134 Ill. 2d R. 103(b)) must bar the action against the employer on the grounds of *res judicata*.

The rationale for this conclusion is predicated upon the well-established principle that the "liability of the master and servant for the acts of the servant is deemed that of one tortfeasor and is a consolidated or unified one." (*Towns v. Yellow Cab Co.* (1978), 73 Ill. 2d 113, 124, 382 N.E.2d 1217.) Consequently, a dismissal of the claim against either one on the merits bars the claim against the other under the principle of *res judicata*. See *Towns*, 73 Ill. 2d at 122 (where the court

stated, "[T]hus the rule has evolved that a judgment for either the master or servant arising out of an action predicated upon the alleged negligence of the servant bars a subsequent suit against the other for the same claim of negligence where the agency relationship is not in question").

Moreover, as in *Towns*, there is no question that the dismissal of the agent with prejudice under Rule 103(b) constitutes an adjudication on the merits pursuant to Rule 273 (134 Ill. 2d R. 273), which provides, "Unless the order of dismissal or a statute of this State otherwise specifies, an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits." See *Stroud v. News Group Chicago, Inc.* (1991), 215 Ill. App. 3d 1006, 576 N.E.2d 152.

Plaintiffs contend that *Towns* applies only where the employer is the dismissed entity but not in the reverse, where, as in the instant case, the employee is dismissed. Plaintiffs contend that where the employee is dismissed, the decision of *Hansel v. Chicago Transit Authority* (1971), 132 Ill. App. 2d 402, 270 N.E.2d 553, must control. There the plaintiff brought an action for negligence against the Chicago Transit Authority (CTA) and its driver. Apparently the bus driver was never served and was ultimately dismissed with prejudice pursuant to a Rule 103(b) motion. The matter proceeded to trial against the CTA and a verdict was returned in favor of that defendant. An appeal was taken from the judgment entered on the verdict and error was found necessitating a new trial. Prior to remanding the matter, the appellate court reviewed the propriety of the trial court's Rule 103(b) dismissal of the bus driver holding the dismissal to have been proper. The court then volunteered without elaboration that the dismissal of the bus driver "does not affect plaintiff's right of action against the C.T.A." (*Hansel*, 132 Ill. App. 2d at 409.) However, it should be noted that in *Hansel*, the impact of Rule 273 was neither involved nor considered.

Clearly this gratuitous comment by the court is in conflict with the reasoning of our supreme court in *Towns*. In *Williams v. Bolsten* (1989), 184 Ill. App. 3d 832, 540 N.E.2d 966, the plaintiff failed to effect service upon the employer, a trucker who obtained a dismissal with prejudice under Rule 103(b). The employee joined in the action thereupon moved for summary judgment on the grounds of *res judicata*. Plaintiff urged that under *Hansel*, a dismissal order under Rule 103(b) would not be a bar. In granting summary judgment for the employee, the court stated:

"In *Hansel*, the defendant-agent was dismissed with prejudice pursuant to Rule 103(b) for plaintiff's failure to exercise reasonable diligence in obtaining service of process. In affirming the dismissal \*\*\* the appellate court noted, 'Dismissal [of the agent] was for failure to comply with the rules of the court and does not affect plaintiff's right of action against the [principal].' (*Hansel*, 132 Ill. App. 2d at 409, 270 N.E.2d at 557.) Plaintiffs in the present case claim the quoted language from *Hansel* is authority for this court to find that a Rule 103(b) dismissal of a principal does not bar the same action against the agent. The court in *Hansel*, however, did not consider the application of Rule 273 to a Rule 103(b) dismissal with prejudice.

The quoted statement from *Hansel* appears inconsistent with the supreme court's subsequent holding in *Towns* \*\*\*." *Williams*, 184 Ill. App. 3d at 835-36.

To distinguish between the dismissal of the employer as in *Towns* and the dismissal of the employee as in *Hansel* is not analytically cogent since the decision in *Towns* is predicated upon the singleness of the action against the employer and employee. As explicitly stated in *Towns*, the dismissal of either will be *res judicata* as to the other. If there would be any validity to such a distinction, it should logically work in the reverse, since the employer's liability under *respondeat superior* is wholly derivative of the employees. Thus, if anything, dismissal of the employer should have less impact upon the right of action against the employee whose liability is independent than would be the case where the employee is dismissed leaving only the derivative liability of the employer. But in any event, as articulated in *Towns*, the liability of both is unified and consequently each is equally impacted by the dismissal of the other.

The case of *Stroud v. News Group Chicago, Inc.* (1991), 215 Ill. App. 3d 1006, 576 N.E.2d 152, decided after the briefs of the parties were filed in this cause, is squarely in point. There as here the plaintiff sued to recover for injuries sustained when struck by defendant's truck driver. He joined the truck driver and his employer under the doctrine of *respondeat superior*. The employee was dismissed with prejudice under Rule 103(b). The employer then moved for its dismissal under *res judicata.*

In reversing the trial court's refusal to dismiss the employer, this court held (1) that the dismissal under Rule 103(b) was an adjudication on the merits to which Rule 273 applied, and (2) that the reasoning of our supreme court in *Towns* controlled in that "judgment for either the master or servant, arising out of an action predicated upon the

alleged negligence of the servant, bars a subsequent suit against the other for the same claim of negligence where the agency relationship is not in question." (*Stroud*, 215 Ill. App. 3d at 1011.) Our court therefore held in *Stroud* that the dismissal of the employee with prejudice under Rule 103(b) operated as an adjudication on the merits with respect to the claim of vicarious liability against his employer.

Thus, under *Stroud*, it is now explicit that contrary to the appellate contention in this cause, the dismissal on the merits of either the employer or the employee will bar any action from being maintained against the other, where, as in this case, the agency is admitted and the action against the employer is predicated upon the doctrine of *respondeat superior*.

The decisions in *Stewart v. Village of Summit* (1986), 114 Ill. 2d 23, 499 N.E.2d 450, and *Tallios v. Tallios* (1952), 345 Ill. App. 387, 103 N.E.2d 507, cited by the plaintiffs, are not in point. Neither of those cases involved a prior adjudication dismissing the action against the employee servant on the merits. Consequently the doctrine of *res judicata* could not be involved. In *Stewart* a covenant not to sue was entered into with the employee. There was no adjudication of dismissal. In *Tallios*, the employee was not even joined in the action, since he was plaintiff's husband and protected by interspousal immunity. The action was filed directly against plaintiff's father-in-law, who was the employer. The court simply held that the policy which led to the promulgation of interspousal immunity was not intended to extend to the vicarious liability of the employer.

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.

McNULTY, P.J., and LORENZ, J., concur.