2025 IL App (1st) 241321-U
No. 1-24-1321
Order filed August 29, 2025

Sixth Division

NOTICE: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| JOSEPH KEEFE, | ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 22 L 4210 |
| PERFORMING ARTS AT METROPOLIS, a not-for-profit corporation, | ) ) ) ) | The Honorable Maire Dempsey and |
| Defendant-Appellee. | ) ) ) ) | Scott D. McKenna, Judges, presiding. |

JUSTICE HYMAN delivered the judgment of the court.
Presiding Justice Tailor and Justice Gamrath concurred in the judgment.

**ORDER**

¶ 1     *Held*:  Affirming circuit court's dismissal of complaint alleging employer was liable for employees' allegedly defamatory statements.

¶ 2     Joseph Keefe served as the Executive Director of Performing Arts at Metropolis, a theater company in Arlington Heights. Metropolis terminated Keefe after he was accused of engaging in verbal abuse and inappropriate conduct toward staff and actors. These allegations appeared

in an anonymous Facebook post and an open letter posted on a theater community website, authored by a director who had worked at Metropolis. Keefe sued Metropolis and the president of its Board of Directors, alleging they defamed him by engaging in a "smear campaign" that damaged his reputation and made it impossible for him to find work in theater.

¶ 3 Keefe amended his complaint several times, adding new allegations and defendants. His fifth amended complaint, which he filed without legal representation, reiterated his claims that Metropolis was directly and vicariously liable for defamation *per se* and *per quod,* false light invasion of privacy, and negligent infliction of emotional distress. Although he did not expressly include a *respondeat superior* claim, the complaint alleged that Metropolis was responsible for the anonymous Facebook post, the director's open letter, and actions by other purported Metropolis employees to defame him. Metropolis moved to dismiss, which the trial court granted with prejudice.

¶ 4 Representing himself, Keefe appeals arguing that the trial court (i) failed to provide a full and fair hearing on the motion to dismiss by being unprepared and unfocused on the arguments, (ii) erred in dismissing his claims that Metropolis was vicariously liable for its employees' conduct, and (iii) erred in dismissing his claims of direct liability against Metropolis.

¶ 5 We affirm. Keefe has waived his argument regarding the way the trial court conducted the hearing by failing to provide a transcript or a bystander's report. The dismissal with prejudice of Metropolis employees bars Keefe's claim against Metropolis on a theory or *respondeat superior* liability. Lastly, we lack jurisdiction to address his direct liability claims.

¶ 6 Background

¶ 7    Joseph Keefe was the Executive Director of Performing Arts at Metropolis. In August 2021, Metropolis placed Keefe on administrative leave while they investigated allegations that he had engaged in inappropriate behavior toward staff, actors, directors, and others.

¶ 8    On August 21, 2021, an anonymous post appeared in a Facebook group titled "Times Up, Metropolis," detailing Keefe's alleged inappropriate conduct. This post contained allegations, including verbal abuse of actors and others, failure to adhere to safety standards, inappropriate touching of actors, making racially insensitive comments, and tolerating sexual harassment.

¶ 9    About a month later, Lauren Berman, a director who had worked at Metropolis, published "Open Letter to the Chicago Theater Community about Metropolis Performing Arts Centre" on a theater community website, rescripted.org. Berman corroborated many of the claims from the "Times Up, Metropolis" post, stating she was present when Keefe engaged in the alleged misconduct. Shortly after this, Metropolis fired Keefe.

¶ 10    Keefe filed a complaint against Metropolis and Stephen Daday, the president of the Metropolis Board of Directors, alleging violations of the Illinois Libel and Slander Act (740 ILCS 145/1 *et seq*. (West 2022). Keefe claimed Metropolis and Daday were aware of a "libelous smear campaign" against him by Metropolis employees and failed to address it, despite Metropolis's policy prohibiting online attacks between employees.

¶ 11    Metropolis and Daday moved to dismiss the complaint under section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2022). Before the court ruled on the motion, Keefe filed an amended complaint, adding Berman as a defendant, although he never served the complaint on Berman. The amended complaint closely mirrored the initial complaint. Metropolis and Daday again moved to dismiss, and the trial court granted the motion, without prejudice.

¶ 12 Keefe's second amended complaint faced a motion to dismiss as well. Before the trial court ruled on the motion, Keefe obtained new counsel and leave to amend his complaint again.

¶ 13 Keefe's third amended complaint named Metropolis, Daday, Berman, Finlay Ross, Aaron Lockman, and five John Does as defendants. Ross was a sound engineer at Metropolis, and Lockman was a theater critic and actor who had appeared in some of Berman's shows. Keefe alleged claims of defamation *per se* and *per quod*, false light, and negligent infliction of emotional distress against all defendants and civil conspiracy against Berman, Ross, and Lockman. Specifically, Keefe alleged that Berman and Ross, Metropolis employees, assisted in publishing statements from the anonymous "Times Up, Metropolis" post. He also claimed that Berman's open letter contained defamatory statements and that Lockman posted the letter on the rescripted.org website.

¶ 14 Keefe sought to hold Metropolis vicariously liable for the "Times Up" post and the Berman letter. Keefe alleged the Metropolis Board failed to act on the social media posts, which created the impression that the defamatory statements were true, damaging his reputation. Keefe also alleged that Daday made defamatory statements about him to the *Daily Herald* newspaper.

¶ 15 All defendants moved to dismiss. After full briefing and a hearing, the trial court entered a memorandum order dismissing with prejudice, the defamation, false light, and negligent infliction of emotional distress claims against all defendants. The court also dismissed with prejudice claims that Daday defamed Keefe in the *Daily Herald* and allegations that Metropolis failed to respond to or adopted statements made in the Times Up post or the Berman letter. As to the claim that Metropolis was vicariously liable for the social media posts, the trial court dismissed it without prejudice, giving him "only one more opportunity, should he choose, to amend the Complaint to allege *respondeat superior* liability against" Metropolis properly.

¶ 16    After filing a *pro se* fourth amended complaint, Keefe obtained leave to file a fifth amended *pro se* complaint, which named Metropolis alone as a defendant and largely repeated the allegations of the third amended complaint.

¶ 17    Regarding vicarious liability, the complaint sought to hold Metropolis liable for the Berman open letter, alleging Berman acted in concert with Metropolis employees Lockman, Parker Guidry, and Jordan DeBose to post or publish defamatory statements about him. He also alleged that an unnamed Metropolis employee had made the anonymous Times Up post. Keefe alleged that Metropolis was aware that the posts contained false and malicious allegations and refused to follow its long-standing policy regarding social media by directing its employees to remove them. Instead, Keefe alleged, Daday directed that the defamatory publications remain online, thereby ratifying and adopting them for Metropolis.

¶ 18    Metropolis moved to dismiss the fifth amended complaint under section 2-615 of the Code. After a hearing, the trial court granted the motion and dismissed the amended complaint with prejudice.

¶ 19                                  Analysis

¶ 20    Representing himself, Keefe asks us to reverse the dismissal order and remand for a trial. He arguments are difficult to discern, but he appears to argue the trial court (i) abused its discretion by not providing him a full and fair hearing on the motion to dismiss, (ii) erred in dismissing his claims of defamation, false light invasion of privacy, and intentional infliction of emotional distress against Metropolis, and (iii) erred in dismissing his claim that Metropolis was liable for its employees' actions under a theory of *respondeat superior*.

¶ 21                  Compliance with Illinois Supreme Court Rules

¶ 22    We begin by addressing Metropolis's request that we strike Keefe's brief and dismiss the appeal for failing to comply with Illinois Supreme Court Rules. As Metropolis correctly points out, Keefe's opening brief fails to conform to many of the mandatory requirements of Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020), which governs the form and contents of appellate briefs. For example, the brief lacks a table of contents, as required by Rule 341(h)(1), or a description of the nature of the case as required by Rule 341(h)(2). Further, an appellant must provide the reviewing court with the facts necessary for an understanding of the case. Ill. S. Ct. R. 341(h)(6) (eff. Oct. 1, 2020). The facts must be stated fairly and accurately without comment or argument. *Id.*; *Ammar v. Schiller, DuCanto & Fleck, LLP*, 2017 IL App (1st) 162931, ¶ 12. Keefe's statement of facts lacks clarity, is argumentative, and fails to provide citations to the record as required by Rule 341(h)(6).

¶ 23    Moreover, under Rule 341(h)(7), an opening brief must articulate the appellant's contentions, supported with argument, citations to the record, and citations to authority. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). "This rule is especially important because, when reviewing a case, the appellate court starts with the presumption that the circuit court's ruling was in conformity with the law and the facts." *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 15. Keefe's brief fails to cite to the record, and the argument section includes few citations to authority. In addition, the brief does not include an appendix, as required by Supreme Court Rule 342 (Oct. 1, 2019).

¶ 24    We recognize that Keefe is self-represented, but a *pro se* appellant is not entitled to more lenient treatment than attorneys. *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 78 ("parties choosing to represent themselves *** must comply with the same rules and are held to the same standards as licensed attorneys"). A brief that fails to conform substantially to

supreme court rules may justifiably be stricken. *McCann*, 2015 IL App (1st) 141291, ¶ 12. See *Holzrichter*, 2013 IL App (1st) 110287, ¶ 80 (observing, this "court is not a depository in which the burden of argument and research may be dumped"). Nonetheless, despite its shortfalls, we decline to strike Keefe's brief as we generally understand his contentions, particularly with the benefit of Metropolis's brief. *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001).

¶ 25                                          Hearing on Motion to Dismiss

¶ 26        We first consider Keefe's contention that the trial court failed to give him a full and fair hearing on the motion to dismiss. Specifically, Keefe contends the trial court judge received the case only 48 hours before the hearing and was not familiar with its history or the pleadings. He further alleges that the trial judge (i) repeatedly interrupted the hearing to deal with matters unrelated to the case, (ii) failed to concentrate on the arguments, and (iii) requested that Keefe provide case law to support his *respondeat superior* argument, only to reject them and admonish him for presenting them.

¶ 27        As Metropolis notes, Keefe did not file a report of proceedings or a bystander's report as required by Rule 323 (July 1, 2017). While it is not mandatory for him to do so, the appellant does have the burden of presenting a sufficiently complete record to support a claim of error. *Webster v. Hartman*, 195 Ill. 2d 426, 432 (2001) (citing *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984)). Indeed, "[f]rom the very nature of an appeal it is evident that the court of review must have before it the record to review in order to determine whether there was the error claimed by the appellant." *Id.* at 391. Where the issue relates to the conduct of a hearing or proceeding, review *requires* a report or record of the proceeding. *Webster*, 195 Ill. 2d at 432.

¶ 28    In the absence of that record, the law requires us to assume the trial court's ruling conforms to the law and has a sufficient factual basis. *Foutch*, 99 Ill. 2d at 391-92. "Any doubts which may arise from the incompleteness of the record will be resolved against the appellant." *Id*. at 392. Lacking a transcript or bystander's report, we have no grounds to question how the trial court conducted the hearing. See *id*.

¶ 29                        *Respondeat Superior* Claim

¶ 30    Keefe asserts that the trial court erred in dismissing his claim that Metropolis is vicariously liable for the anonymous Facebook post made by a Metropolis employee (whose name he does not provide) and for the open letter by Lauren Berman.

¶ 31    It is well-established that the "liability of a master and servant for the acts of the servant is deemed that of one tortfeasor and is a consolidated or unified one." *Towns v. Yellow Cab Co.* 73 Ill.2d 113, 124 (1978). "[A] determination on the merits that the master is not liable can only mean that the claim against the servant must likewise fail." *Id.* See also *Stroud v. News Group. Chicago, Inc.*, 215 Ill. App. 3d 1006, 1012 (1991) (dismissal of employee with prejudice operated as an adjudication on the merits as to employer). The dismissal of an agent or master with prejudice constitutes an adjudication on the merits under Supreme Court Rule 273, which provides that, "unless the order of dismissal or a statute of this State otherwise specifies, an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits." Ill. S. Ct. 2. 273. Thus, the dismissal with prejudice of Berman and other Metropolis employees bars Keefe's claim against Metropolis on a theory or *respondeat superior* liability. *Towns*, 73 Ill.2d at 124.

¶ 32     Keefe's fifth amended complaint identified two additional Metropolis employees, Guidry and DeBose, to support his *respondeat superior* claims. According to Keefe, Berman enlisted Guidry and DeBose to "promulgate and republish" false allegations about him. These allegations mirror the allegations in his third amended complaint about Finlay Ross and Aaron Lockman, namely that Guidry and DeBose acted not on their own but under Berman's direction to defame him. As noted, allegations that Berman directly or through others defamed him were dismissed with prejudice. Thus, they cannot support a claim of *respondeat superior* liability against Metropolis. See *Towns*, 73 Ill.2d at 124 (dismissal of employee for failure to exercise reasonable diligence in serving him was an adjudication on the merits and precluded holding defendant's employer liable under doctrine of *respondeat superior*).

¶ 33                         Other Claims Against Metropolis

¶ 34     Keefe argues the trial court erred in dismissing his claims against Metropolis for defamation, false light invasion of privacy, and negligent infliction of emotional distress. Metropolis contends we lack jurisdiction to address the dismissal of the direct liability claims against it. We agree.

¶ 35     The trial court dismissed all direct claims of liability against Metropolis, which were raised in Keefe's third amended complaint with prejudice. Although the trial court granted Keefe leave to amend the complaint to try to properly allege *respondeat superior* liability, the dismissal of his other claims was final and appealable. See *Dubina v. Mesirow Realty Development, Inc.*, 178 Ill. 2d 496, 502 (1997) ("[a] dismissal with prejudice is usually considered a final judgment"). The November 17 order became appealable on May 30, 2024, when the trial court dismissed with prejudice the last remaining claim against Metropolis, alleging vicarious liability. To preserve appellate review of the trial court's dismissal of the

defamation, false light, and negligent infliction claims, Keefe needed to identify them in his notice of appeal. See Supreme Court Rule 303(b)(2) (eff. July 1, 2017) (notice of appeal "shall specify the judgment or part thereof or other orders appealed from and the relief sought from the reviewing court."). Keefe's notice of appeal sought review of the May 30 order only.

¶ 36　　An exception to the Rule 303(b)(2) requirement can confer jurisdiction on the reviewing court, despite a defect in the notice of appeal, when the orders that are not expressly mentioned in the notice of appeal constitute a "necessary step" to or "a step in the procedural progression leading to the judgment which was specified in the notice of appeal." (Internal quotation marks omitted.) *In re Marriage of O'Brien*, 2011 IL 109039, ¶ 23. The order dismissing Keefe's direct liability claims against Metropolis was a final judgment on those claims and, unlike an order dismissing without prejudice, does not constitute a step in the procedural progression leading to the final judgment specified in his notice of appeal. See *Edward E. Gillen Co. v. City of Lake Forest*, 221 Ill. App. 3d 5, 11 (1991) (dismissal of earlier counts of complaint is not step in "procedural progression").

¶ 37　　Therefore, we lack jurisdiction to review the order dismissing the claims with prejudice.

¶ 38　　Affirmed.