**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 200278-U

Order filed December 23, 2021

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| *In re* MARRIAGE OF | ) | Appeal from the Circuit Court |
| | ) | of the Twelfth Judicial Circuit, |
| GLEN M. ARMSTRONG, SR., | ) | Will County, Illinois. |
| | ) | |
| Petitioner-Appellee, | ) | |
| | ) | Appeal No. 3-20-0278 |
| and | ) | Circuit No. 13-D-585 |
| | ) | |
| COURTNEY D. ARMSTRONG, | ) | |
| | ) | The Honorable |
| Respondent-Appellant. | ) | Derek W. Ewanic, |
| | ) | Judge, presiding. |

PRESIDING JUSTICE McDADE delivers the judgment of the court.
Justices O'Brien and Lytton concur in the judgment.

**ORDER**

¶ 1        *Held*:   Respondent's appeal is dismissed for lack of jurisdiction.

¶ 2        Following a hearing in Will County, the circuit court entered an order regarding Respondent Courtney Armstrong's parenting time and continued the case, setting a date for a status hearing. Before the scheduled date, respondent filed her notice of appeal. For the reasons that follow, we find we lack jurisdiction and dismiss this appeal.

¶ 3                                 FACTS

¶ 4         On May 22, 2013, the circuit court entered a judgment dissolving the marriage of Petitioner Glen Armstrong and Respondent Courtney Armstrong. An appeal was filed, but this Court dismissed it prior to any briefing on the merits.

¶ 5         After six years of litigation in the circuit court on various issues pertaining to parenting time and child custody, Glen filed a petition requesting specific findings of abuse of allocation of parenting time by Courtney. On July 13, 2020, the circuit court heard testimony from both parties on the petition and considered the pleadings of the parties. The same day, the court issued an order *instanter* resolving the issue presented in the petition.

¶ 6         In its order, the court found that Courtney's "actions were not in the best interest of the minor child and that she had no intention of following the court orders." The court then ordered that (1) Courtney turn over the child immediately to Glen; (2) Glen pick up the child on July 13, 2020; (3) Courtney not impede the child's return to Glen; (4) law enforcement officers in Aurora, Illinois, or any jurisdiction in Illinois assist in returning the child to Glen; and (5) the case be continued to August 4, 2020, for a status hearing on Courtney's compliance with the order and for determining her visitation rights.

¶ 7         On July 27, 2020, Courtney filed a notice of appeal, citing no Illinois Supreme Court Rule under which appellate jurisdiction is asserted. The same day, she filed an amended notice of appeal and again cited no basis for appellate jurisdiction.

¶ 8                                 ANALYSIS

¶ 9         Courtney filed a brief in which she argues that the circuit court erred in finding that her actions were not in the best interests of the minor child. She contends that the trial court failed to meet the standard of best interest of the child. Glen filed a responsive brief, which, on this

Court's own motion, was stricken for failure to comply with Supreme Court Rule 341. This Court directed Glen "to file a proper brief" and set a date by which he must do so. However, no subsequent brief was filed.

¶ 10        Although, neither party has raised a challenge to our jurisdiction on appeal, a reviewing court has a duty to consider *sua sponte* whether it has jurisdiction and to dismiss an appeal if it lacks jurisdiction. *In re Marriage of Morgan*, 2019 IL App (3d) 180560, ¶ 9. "Our jurisdiction is limited to review of appeals from final judgments unless otherwise permitted under Illinois Supreme Court rules or by statute." *Id*.

¶ 11        A circuit court's resolution of a petition relating to allocated parenting time is final and appealable where it disposes of all the merits of the underlying litigation. *In re A.M.*, 2020 IL App (4th) 190645, ¶ 23. However, where the record shows that "matters remained pending between the parties, aside from the enforcement of the court's judgment" and no order or rule allows the matter to proceed otherwise, appellate jurisdiction is lacking. Although the court granted immediate custody of the minor child to Glen, it did not resolve Courtney's rights as to visitation and future custody. Instead, the court continued the case to resolve those issues. Under these circumstances, no final appealable order has been entered. Nor has Courtney tendered a Supreme Court Rule 304(a) finding or asserted any basis for an interlocutory appeal. Accordingly, there is no cognizable basis for this Court's exercise of Jurisdiction.

¶ 12                                              CONCLUSION

¶ 13        For the foregoing reasons, we lack jurisdiction to hear this appeal and we dismiss respondent's appeal.

¶ 14        Appeal dismissed.

3